■ BENJAMIN P. CASSESE, Respondent, v LENORE CASSESE, Appellant. [602 NYS2d 667] —In a matrimonial action, the defendant wife appeals from (1) so much of a judgment of the Supreme Court, Nassau County (DiNoto, J.), entered January 16, 1992, as dismissed her counterclaim for ancillary relief and vacated an order providing for pendente lite maintenance, and (2) an order of the same court (DiNoto, J.), dated March

20, 1992, which denied her application to vacate the aforementioned provisions of the judgment entered January 16, 1992, and directed her to make any further applications for spousal and child support to the Family Court, Nassau County.

Ordered that the judgment is modified, on the law, by (1) deleting the second decretal paragraph thereof, dismissing the defendant's counterclaim, and substituting therefor a provision reinstating the counterclaim, and (2) adding a provision thereto that the pendente lite order dated January 25, 1990, remained in full force and effect until January 16, 1992; as so modified, the judgment is affirmed insofar as appealed from, and the matter is remitted to the Supreme Court, Nassau County, for a determination of any arrears due pursuant to the order dated January 25, 1990, for the period from December 20, 1989, when she first sought maintenance, through January 16, 1992, for a determination of the counterclaim on the merits, including the amount of maintenance to be awarded, if any, retroactive to January 16, 1992, and for a determination of attorneys' fees, and it is further,

Ordered that the order dated March 20, 1992, is modified accordingly; and it is further,

Ordered that the wife is awarded one bill of costs.

The husband brought an action against the wife for a divorce on the ground of cruel and inhuman treatment. The wife did not counterclaim for a divorce, but sought ancillary relief in the form of maintenance, child support, attorneys' fees, and exclusive use and occupancy of their vacation home. While the matrimonial action was pending, the Supreme Court awarded the wife pendente lite relief consisting of $475 per week maintenance and also directed that the husband pay most expenses on the vacation home. When the husband fell into arrears on his support obligations, however, the wife obtained an income execution pursuant to CPLR 5241, and thereafter made an application pursuant to Domestic Relations Law § 244 for a money judgment on additional arrears, which was referred to the trial court for a determination. After a trial on the issue of fault, the Supreme Court dismissed the divorce action, and simultaneously dismissed the wife's counterclaims for ancillary relief and vacated the pendente lite order.

The Supreme Court's summary dismissal of the wife's application for a money judgment pursuant to Domestic Relations Law § 244 was clearly error, as that statute specifically provides that the court "shall" make an order directing the entry

of judgment for arrears "unless the defaulting party shows good cause for failure to make application for relief" from the support order prior to the accrual of such arrears (Domestic Relations Law § 244; *see, Vogel v Vogel,* 156 AD2d 671, 675). Here, the Supreme Court determined that an issue of fact existed with respect to the amount of arrears due, and the husband never demonstrated good cause for failure to seek relief prior to the accrual of arrears. Therefore, the Supreme Court was required to conduct a hearing to determine the precise amount of arrears outstanding pursuant to the order, which was in effect until January 16, 1992.

We further find that under the circumstances of this case, the Supreme Court improvidently exercised its discretion in dismissing the wife's counterclaim for attorneys' fees. Pursuant to Domestic Relations Law § 237 (a), it was within the discretion of the trial court to award attorneys' fees to the wife, notwithstanding its dismissal of the divorce action *(see, Hammer v Hammer,* 41 AD2d 831, 832, *affd* 34 NY2d 545). Contrary to the plaintiff's contentions, the defendant cannot seek an award for attorneys' fees in the Family Court for the fees incurred in the divorce action *(see,* Family Ct Act § 438; *Hockenbrought v Hockenbrought,* 44 AD2d 767).

In the interest of judicial economy, the questions of further maintenance and child support should be determined in the Supreme Court. Accordingly, we exercise our discretion to direct the Supreme Court to retain jurisdiction over the counterclaim for ancillary relief.

Any award of ancillary relief to the wife, including an award of maintenance *(see,* Domestic Relations Law § 236 [B] [6]), shall be retroactive to January 16, 1992, the date the judgment was entered and the pendente lite order expired. Balletta, J. P., Rosenblatt, Miller and Joy, JJ., concur.