■ BEATRICE GOLIN, Respondent, v BENJAMIN CASSESE, Appellant. [602 NYS2d 669] —In an action by the plaintiff, the mother of the defendant's wife, to recover, *inter alia,* moneys allegedly loaned to the defendant's wife for her support and maintenance, the defendant appeals from an order of the Supreme Court, Nassau County (DiNoto, J.), dated July 30, 1992, which denied his motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The general rule is that a spouse is relieved of the common-law duty to supply the other spouse with necessaries during the pendency of a support order, because the order fixes the amount of the liability for support *(see, Dravecka v Richard,* 267 NY 180). In *Cassese v Cassese* (197 AD2d 605 [decided herewith]), we remitted the matter to the Supreme Court, Nassau County, for a determination as to any arrears under the temporary support order, and for a determination, *inter alia,* as to whether an award for further maintenance is appropriate, and, if so, in what amount.

Under the circumstances, where a support order was in full force and effect to the date of judgment and the court will determine the level of support thereafter, if any, the respondent does not have a cause of action for necessaries. Balletta, J. P., Rosenblatt, Miller and Joy, JJ., concur.