■ ANGELE STELLATO, Appellant, v ROBERT STELLATO, Respondent. [646 NYS2d 633] —In an action for a divorce and ancillary relief, the plaintiff appeals from so much of (1) an order of the Supreme Court, Nassau County (O'Connell, J.), entered June 26, 1995, as denied her motion pursuant to Domestic Relations Law § 244, *inter alia*, for leave to enter a money judgment against the defendant in the principal sum of $80,861.51, representing arrears in pendente lite child support and maintenance, and (2) an order of the same court, entered December 4, 1995, as, upon renewal and reargument, adhered to the prior determination.

Ordered that the appeal from the order entered June 26, 1995, is dismissed, as that order was superseded by the order entered December 4, 1995, made upon renewal and reargument; and it is further,

Ordered that the order entered December 4, 1995, is affirmed insofar as appealed from; and it is further,

Ordered that the defendant is awarded one bill of costs.

Where the amount of arrears is shown to be due and unpaid, "[t]he court has no discretion to refuse to enter a judgment for arrears of support" (*Felton v Felton*, 175 AD2d 794, 795). Here,

the amount of arrears claimed by the plaintiff has not been shown to be due and unpaid. Rather, the record demonstrates that an issue of fact exists as to whether the required payments have been made. Thus, the record is insufficient to form a basis for an award of arrears, and a hearing would be required to determine whether the payments have been made prior to entering a money judgment (*see, Furey v Furey,* 76 AD2d 915). However, since there is no longer an action pending due to the plaintiff's voluntary discontinuance of the action, the trial court is without jurisdiction to order such a hearing. Accordingly, the trial court properly denied that branch of the plaintiff's motion which was for leave to enter a money judgment against the defendant for the alleged arrears.

In view of the above disposition, we need not reach the plaintiff's remaining contentions. Rosenblatt, J. P., Ritter, Pizzuto and Hart, JJ., concur.