■ JOAN NAPOLI, Respondent, v JOSEPH NAPOLI, Appellant. [688 NYS2d 608] —In a matrimonial action in which the parties were divorced by judgment entered April 12, 1995, the defendant appeals, as limited by his brief, from stated portions of an order of the Supreme Court, Nassau County (DiNoto, J.), dated April 7, 1997, which granted that branch of the plaintiff's motion which was for leave to enter a money judgment in the sum

of $250,000 for arrears in child support, and denied his cross motion, *inter alia*, for a hearing.

Ordered that the order is modified by (1) deleting the provision thereof granting that branch of the plaintiff's motion which was for leave to enter a money judgment against the defendant in the sum of $250,000 and substituting therefor a provision denying that branch of the motion, and (2) deleting the provision thereof denying that branch of the defendant's cross motion which was for a hearing and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant, and the matter is remitted to the Supreme Court, Nassau County, for a hearing in accordance herewith.

The parties' stipulation of settlement dated October 6, 1994, was incorporated but not merged into the judgment of divorce. Pursuant to the stipulation, the amount of child support arrears owed by the defendant was set at $150,000 as of August 1, 1994. The stipulation provided that these arrears would be satisfied by the transfer to the plaintiff of the defendant's interest in the parties' marital residence in Manhasset and an apartment in New York City. Certain other provisions of the stipulation made each party either solely or jointly liable for certain debts, taxes, and expenses relating to those properties. In addition, the defendant was to remain solely liable for any tax deficiencies which the Internal Revenue Service (hereinafter IRS) determined that the parties owed, except that the wife agreed to be solely responsible for a $40,000 tax deficiency against her for the 1992 calendar year. The stipulation also provided that future child support payments would be partially satisfied by the defendant's assignment to the plaintiff of 90% of his interest in certain uncollected legal fees. However, as a result of tax liens assessed solely against the defendant by the IRS, in order to sell and transfer title to the marital properties, the plaintiff was forced to sign an agreement with the IRS consenting to satisfy these tax obligations, *inter alia*, from the sale of the marital properties and by assigning to the IRS 20% of the money she collected for the defendant's legal fees.

" 'It is well settled that a stipulation of settlement entered into by spouses in contemplation of a divorce is a contract subject to principles of contract interpretation' " (*Zahiralis v Hartman*, 240 AD2d 488; *see also, Bottitta v Bottitta,* 194 AD2d 510, 513). Here, a fair interpretation of the parties' stipulation was that if the plaintiff became obligated to make payments to satisfy the defendant's sole tax debt or any other debts or expenses which the defendant agreed would be his sole or joint

responsibility in order to effectuate other terms of the stipulation, then the defendant would remain liable for the preexisting child support arrears to the extent of those payments. Contrary to the defendant's claim, there is no evidence to support a finding that the terms of the stipulation were so unconscionable or were the result of fraud, collusion, or mistake, as to support cancellation of his obligation to pay the $150,000 in preexisting child support arrears to the extent they were not satisfied by the transfer of the Manhasset and New York City properties to the plaintiff (*see, Kilbride v Kilbride,* 234 AD2d 780, 781).

However, the Supreme Court erred when it denied that branch of the defendant's motion which was for a hearing on the amount of the arrears he owed, since there are valid disputes as to that amount. Accordingly, a hearing is warranted on the exact amount of arrears due to the plaintiff and the amounts, if any, that should be credited to the defendant, in light of: (1) the plaintiff's closing statement on the Manhasset property which appears to improperly attribute to the defendant various real estate and mortgage obligations which the plaintiff agreed to assume, as well as the plaintiff's own obligations to the IRS and other entities, (2) the plaintiff's failure to submit any closing statement on the New York City property which would indicate how the proceeds of that sale were distributed, (3) the plaintiff's concession that she collected certain legal fees owed to the defendant which, pursuant to the stipulation, were to be used as a credit against future child support payments, and (4) the plaintiff's failure to indicate how she arrived at the sum of $100,000 as additional child support arrears (*see, Stellato v Stellato,* 230 AD2d 842; *Cassese v Cassese,* 197 AD2d 605, 607). Any credit due to the defendant must be reduced by the amount the plaintiff paid to satisfy the defendant's sole tax debt or any other debts or expenses which the defendant agreed would be his sole or joint responsibility. In addition, the defendant's credit must be further reduced to take into account that portion of the agreement with the IRS regarding the defendant's legal fees which resulted in a 20% net loss to the plaintiff of the amount of the defendant's legal fees that she was to collect.

The parties' remaining contentions are without merit. S. Miller, J. P., Ritter, Altman, and H. Miller, JJ., concur.