■ PATRICIA WISNIEWSKI, Formerly Known as PATRICIA ROB-INSON, Appellant, v CARLO CAIRO, Respondent. [759 NYS2d 798] —Cardona, P.J. Appeal from an order of the Supreme Court (Kavanagh, J.), entered June 20, 2002 in Ulster County, which, inter alia, granted defendant's cross motion to set aside the monthly child support provision of the parties' separation agreement.

The parties, who married in 1986 and have a daughter born in 1989, separated in 1996. At that time, pursuant to an agreement they themselves drafted, defendant agreed to and subsequently paid $3,000 per month in child support. In April 1999, the parties executed a formal separation agreement drafted by plaintiff's attorney.[1] The child support provision of the agreement stated "that under the Child Support Standards Act 17% of the combined annual parental income is designated for child support." It set forth that defendant earned approximately $75,000 per year and plaintiff had no earnings. It further recited that under the Child Support Standards Act (hereinafter the CSSA) defendant would be required to pay child support in the amount of $1,062.50 per month, but since the parties agreed that it was in the child's best interest "to provide the child with the same lifestyle as if the parties were still residing in the same household as a family unit," defendant agreed to pay child support in the amount of $3,000 per month. The agreement further provided for a reduction to $2,000 per month if plaintiff was able to return to work and earn a minimum salary of $25,000 per year, "without compromising her responsibilities to the parties' child." Defendant also agreed to assist in the payment of the child's college education and, towards that end, funded a college account with $53,000.

In August 1999, plaintiff obtained an uncontested divorce and the separation agreement was incorporated by reference,

---

1. The agreement indicates that defendant was represented by attorney Gary Fung. Defendant, however, maintains that Fung was a nonpracticing attorney friend whose name was simply inserted. Under the particular circumstances of this case, that defendant may have been represented in connection with the execution of the separation agreement does not alter this decision.

without merger, into the judgment of divorce. In September 1999, plaintiff remarried and the following September, ostensibly with plaintiff's assent, defendant lowered his monthly payments to $2,000 by authorizing plaintiff to write two checks of $1,000 each month on blank checks which he signed and provided. In December 2001, plaintiff asked defendant to resume paying $3,000 as set forth in the agreement and also requested payment of arrears.

In March 2002, plaintiff moved to, among other things, enforce the judgment of divorce by compelling payment of the $3,000 monthly support amount, arrears of $16,000 and counsel fees. Defendant opposed the motion and cross-moved to vacate his monthly support obligation under the agreement. He sought a de novo determination of the amount or, alternatively, a reduction in child support to $2,000 per month, premised upon plaintiff's ratification of the alleged oral modification agreement. Supreme Court denied plaintiff's motion and granted defendant's cross motion. The court determined that the $3,000 support payment, amounting to 46% of defendant's gross income at the time of the agreement's execution and 40% of his then current income, was so severe a deviation from the child support guidelines as to be inequitable. Supreme Court vacated the support provision and directed a de novo hearing.

Due to the fiduciary relationship existing between a husband and wife, separation agreements are subject to closer scrutiny than ordinary contracts and may be set aside " 'upon the demonstration of good cause, such as mistake, fraud, duress or overreaching * * * or when found to be unconscionable' " (*Sheridan v Sheridan*, 202 AD2d 749, 751 [1994], quoting *Cantamessa v Cantamessa*, 170 AD2d 792, 793 [1991]; *see Christian v Christian*, 42 NY2d 63, 71-72 [1977]). Notably, defendant's child support obligation under the agreement ($3,000) was nearly three times greater than what he would have paid ($1,027.61) under the applicable CSSA guidelines (*see* Domestic Relations Law § 240 [1-b] [b] [3] [i]), based upon his 1998 income of $72,537.33, as calculated under the CSSA (*see* Domestic Relations Law § 240 [1-b] [b] [5]). It is further undisputed that said obligation represented approximately 65% of his net income at that time. Considering that fact, the minimal income left for defendant's living expenses and the distribution of marital assets in plaintiff's favor, we find the child support provision in this agreement manifestly unfair such that equity demands that it not be enforced (*see generally Christian v Christian, supra*). Accordingly, we deem defendant's support

obligation under the agreement unconscionable and affirm Supreme Court's determination vacating it.[2] Consonant with our finding of unconscionability, defendant's obligation to pay his preexisting child support arrears is also cancelled (*cf. Napoli v Napoli,* 260 AD2d 557 [1999]).

We have considered the parties' remaining arguments and find they are either not properly before us or lacking in merit.

Mercure, Crew III, Carpinello and Rose, JJ., concur. Ordered that the order is affirmed, without costs.

---

2. Because paragraph XVI of the agreement states that "[i]f a [c]ourt of competent jurisdiction shall at any time hold that a portion of this stipulation is invalid, the remainder shall not be affected thereby and shall continue in full force and effect," only the clause in paragraph IV requiring defendant to pay monthly child support in the amount of $3,000 should be stricken (*see Christian v Christian, supra* at 73; *Clermont v Clermont,* 198 AD2d 631, 633 [1993], *lv dismissed* 83 NY2d 953 [1994]).