■ DAVID C. BUFFETT, Respondent, v ELIZABETH BUFFETT, Appellant.—Weiss, J. Appeal from an order of the Supreme Court (Ryan, Jr., J.), entered February 16, 1989 in Clinton County, which dismissed the second cause of action in defendant's counterclaim.

On July 23, 1986 the parties executed a written separation agreement. Plaintiff commenced this action for divorce on September 5, 1986. Defendant has counterclaimed seeking rescission of the agreement alleging that she was unrepre-

---

2. On cross-examination Keeler recanted this testimony.

sented, that the agreement was patently unfair and unconscionable, and that plaintiff exerted physical and emotional pressure which completely overrode her will and forced her to sign an agreement which she neither understood nor wanted. After a nonjury trial, Supreme Court dismissed the counterclaim, concluding that the agreement was valid and that rescission was unwarranted.

On this appeal, defendant essentially argues that the record lacks evidentiary support to sustain the decision. We cannot agree. We find ample basis within the record to support Supreme Court's decision, particularly since the court had the advantage of hearing the witnesses and weighing their credibility *(see, Northern Westchester Professional Park Assocs. v Town of Bedford,* 60 NY2d 492, 499; *Eschbach v Eschbach,* 56 NY2d 167, 172; *Matter of Schwartz v Schwartz,* 144 AD2d 857, 859, *lv denied* 74 NY2d 604). On its face, the agreement is regular and not manifestly unfair because of plaintiff's overreaching *(see, Christian v Christian,* 42 NY2d 63, 71-73). Defendant has failed to demonstrate the contrary.

The parties' situation is quite unlike that in *Battista v Battista* (105 AD2d 898), relied upon by defendant. Here, the parties were both healthy and gainfully employed with substantially similar earnings. Plaintiff was a school custodian and defendant a nurse. Plaintiff gained title to the marital residence while defendant received a $10,000 lot upon which plaintiff purchased and assumed payments for a new $25,000 mobile home of defendant's choosing. The agreement provided for joint custody of the remaining minor child with primary physical custody with plaintiff and neither party was required to pay child support. Both parties were generally aware of marital finances. While defendant was not represented by counsel, plaintiff's attorney recommended in writing that she consult an attorney about the proposed agreement. In addition, defendant was not prevented from consulting an attorney because of financial disadvantage. The parties discussed various provisions of the agreement and defendant read it several times prior to execution. Any proof that defendant was pressured or coerced into signing the agreement or that plaintiff overrode her will is limited and sharply contradicted. In sum, the evidence adduced at trial supports Supreme Court's findings *(see, Goodison v Goodison,* 66 AD2d 923, *affd* 48 NY2d 786).

Order affirmed, with costs. Kane, J. P., Weiss, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.