■ FRANK R. VANDENBURGH, Respondent, v DONNA M. VANDENBURGH, Appellant. [599 NYS2d 328] —Weiss, P. J. Appeal from a judgment of the Supreme Court (Travers, J.) granting plaintiff a divorce and, *inter alia,* setting aside the parties' separation agreement, entered April 16, 1992 in Rensselaer County, upon a decision of the court.

The January 22, 1984 marriage of these parties was both short and stormy. After a bitter all-night quarrel extending

through to the morning of March 11, 1985, defendant demanded that plaintiff leave the marital home. Plaintiff refused to leave without a written separation agreement, in response to which defendant contacted an attorney who agreed to meet with them at 8:00 A.M. that very morning. They reconciled that afternoon and returned to the attorney's office to delay any further action. A separation agreement had already been prepared which the parties executed together with several supporting documents to be utilized in the event their reconciliation failed. The agreement provided that defendant could purchase plaintiff's interest in the marital home for $2,500, but no mention of the parties' significant marital savings was made. Subsequently, on March 26, 1985, another violent argument erupted resulting in plaintiff's peaceful departure from the residence to a home which he owned in the City of Troy, Rensselaer County, where his former wife and daughter supposedly resided. Plaintiff found the premises abandoned with pipes burst, a mortgage delinquency notice and in need of an immediate infusion of cash to save the property. Thereafter, on April 1, 1985, plaintiff and defendant reaffirmed the separation agreement in writing and plaintiff received $2,500 in exchange for the previously executed deed. On the very next day, plaintiff learned that defendant had become a secretary to the attorney who prepared the separation agreement and immediately sought to rescind it and regain title to the marital home.

Cross actions for divorce and an action by plaintiff to rescind the separation agreement and to set aside the real property transfer ensued. The actions were consolidated for trial. Defendant withdrew her answer and counterclaim and, following a bench trial, plaintiff was granted a divorce. Supreme Court set aside that portion of the separation agreement with respect to the marital residence and directed that the property be sold and the net proceeds divided equally between the parties. On this appeal defendant challenges that part of the judgment which modified the separation agreement.

Separation agreements are held to a higher standard of equity than other contracts and may be set aside if manifestly unfair to one spouse because of overreaching by the other, circumstances that Supreme Court determined existed here *(see, Christian v Christian,* 42 NY2d 63, 72). Agreements drafted with only one attorney ostensibly representing both parties are subject to heightened scrutiny *(Arrow v Arrow,* 133 AD2d 960, 961). We find ample basis in this record to sustain

the judgment, particularly because the trial court had the advantage of viewing the witnesses and weighing their credibility *(see, Northern Westchester Professional Park Assocs. v Town of Bedford,* 60 NY2d 492, 499; *Eschbach v Eschbach,* 56 NY2d 167, 173; *Buffett v Buffett,* 166 AD2d 819, 820; *Matter of Amy J. v Brian K.,* 161 AD2d 1022, 1023). Here, the agreement was made under circumstances which at best are described as hurried, stressful and questionable. A major family asset in the possession of defendant was ignored. Defendant was given the right to buy plaintiff's interest in the marital home containing an income apartment, which plaintiff had purchased prior to the marriage, for a minimal sum. Defendant commenced employment with the attorney who ostensibly represented both parties the day following the separation, the reaffirmation of the agreement and the transfer of the property. In sum, there was sufficient evidence to sustain the findings and conclusions of Supreme Court *(see, Battista v Battista,* 105 AD2d 898).

Levine, Mercure and Mahoney, JJ., concur. Ordered that the judgment is affirmed, without costs.