■ PAMELA A. CLERMONT, Respondent, v KEVIN M. CLERMONT, Appellant. [603 NYS2d 923] —Mikoll, J. P. Appeal from an order of the Supreme Court (Monserrate, J.), entered August 21, 1992 in Tompkins County, which granted plaintiff's motion for partial summary judgment dismissing defendant's fourth defense.

The parties were married on September 15, 1979 and prior thereto entered into an antenuptial agreement (hereinafter the agreement). During the marriage ceremony the parties recited that they "bequested [their] worldly goods upon each other". This recitation prompted defendant to request that

they reaffirm their agreement and on September 18, 1979 they executed a document entitled "postnuptial reaffirmation". This document provided that the antenuptial agreement survive "anything said at or in connection with" the marriage ceremony. Their daughter was born in November 1986. The parties executed a "postnuptial addendum" in February 1987 reciting that certain real property purchased solely with defendant's funds and in both their names would become the sole and exclusive property of defendant if the parties divorced. On October 19, 1991, the parties executed a third postnuptial document entitled "renunciation of authority" whereby plaintiff renounced and acknowledged revocation and termination of all prior powers of attorney given to her by defendant.

Plaintiff commenced this action for divorce seeking equitable distribution in November 1991. In an amended answer defendant set forth a fourth defense that the agreement and its reaffirmation constituted an affirmative defense to equitable distribution. Plaintiff thereafter moved for summary judgment dismissing the fourth defense. Supreme Court held that paragraph 4 (b) of the agreement entitled plaintiff, upon dissolution of the marriage, to such property as defendant "might periodically deign to designate during that event" and provided that otherwise she would "get nothing", and issued an order dismissing the fourth defense upon the ground that the agreements alleged in said defense are unconscionable.

"[O]ver the years, an unconscionable bargain has been regarded as one ' "such as no [person] in his [or her] senses and not under delusion would make on the one hand, and as no honest and fair [person] would accept on the other" ' *(Hume v United States,* 132 US 406, 411), the inequality being ' "so strong and manifest as to shock the conscience and confound the judgment of any [person] of common sense' " *(Mandel v Liebman,* 303 NY 88, 94)" *(Christian v Christian,* 42 NY2d 63, 71; *see, Yuda v Yuda,* 143 AD2d 657, 658). However, an agreement will not be set aside as unconscionable simply because it might be improvident *(Cantamessa v Cantamessa,* 170 AD2d 792, 794).

In our view the disputed paragraph of the agreement— paragraph 4—provides that each party's individual income and property, even though acquired during the marriage, will retain its characterization as separate property. Subparagraph (a) declares that the house and land already titled to defendant will remain his separate property. Subparagraph (b), however, would give defendant all real and personal property

belonging to plaintiff at the time of marriage or acquired thereafter unless plaintiff demanded a writing from defendant, within 30 days of her acquisition of such property, which acknowledged that the property was hers. The provision grants defendant all of plaintiff's property acquired before the marriage, but not held solely in her name, and all property acquired by her subsequently but not acknowledged by defendant to be her property. Thus, this provision, which would grant to defendant all marital property even if purchased with plaintiff's separate income, is unconscionable *(cf., Levine v Levine,* 56 NY2d 42, 48-49). No rational person would agree to such an arrangement and no fair and honest person would accept it. Accordingly, paragraph 4 should be stricken as unconscionable *(see, Christian v Christian, supra).*

This same reasoning that renders paragraph 4 and its subparagraphs unconscionable applies to paragraph 6 of the agreement. Paragraph 6 deals with and affects the property rights and interests of plaintiff covered by paragraph 4 and should also be stricken as unconscionable *(see, supra).* However, as paragraph 13 of the agreement states that if any clause is declared null and void or against public policy the other clauses of the agreement shall be separable and shall remain valid, only paragraphs 4 and 6 should be stricken *(see, supra).* The order of Supreme Court should be modified accordingly.

Yesawich Jr., Crew III and Casey, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as struck defendant's entire fourth defense; said defense is stricken only to the extent that paragraphs 4 and 6 of the agreement are stricken as unconscionable and unenforceable; and, as so modified, affirmed.