In the Matter of Tom Kaffenberger, Appellant, v Michelle Kaffenberger, Respondent. [643 NYS2d 740] —Yesawich Jr., J.

Petitioner and respondent, who were married in 1979 and divorced in 1991, are the parents of two children, currently 12 and 15 years of age. Pursuant to the terms of a separation agreement, which was incorporated but not merged into the judgment of divorce, the parties have joint legal custody of the children, with petitioner having primary physical custody. In exchange for other financial benefits—among them, the acquisition of respondent's entire interest in the marital home— petitioner expressly waived his right to child support.

This appeal stems from the denial, after a hearing, of petitioner's 1994 application seeking child support from respondent. To succeed in his effort to avoid the effect of the terms of the parties' separation agreement governing the payment of child support, it was incumbent upon petitioner to demonstrate that the agreement was unfair and inequitable when entered into, that since its execution there has been an unanticipated and unreasonable change in circumstances resulting in a concomitant need, or that he is presently unable to meet the children's needs (see, Matter of Healey v Healey, 190 AD2d 965, 967). Because the proof adduced establishes none of these things, we affirm.

Taken as a whole, the agreement is not so unfair as to shock the conscience of a reasonable person (see, McCaughey v Mc-Caughey, 205 AD2d 330, 331; see also, Christian v Christian, 42 NY2d 63, 71). In exchange for assuming full financial responsibility for the children's needs, and making payments to respondent and on her behalf of some $6,000, petitioner was granted sole ownership of the marital residence—which he sold in 1993, netting approximately $19,000—and its contents, along with the right to claim the children as tax dependents.

Moreover, despite petitioner's greater income and resources, respondent waived all of her rights to his pension and agreed not to seek legal fees in connection with the divorce action.

The agreement, which was drafted by petitioner's attorney, also states that both parties were fully advised of the rights and remedies afforded by the Child Support Standards Act and the Equitable Distribution Law, and knowingly and voluntarily agreed to opt out of those provisions (*see, Gonsalves v Gonsalves*, 212 AD2d 932, 934), believing the agreement to be fair and reasonable. Given these express representations, and petitioner's ratification of the agreement by accepting the benefits thereof (*see, Wasserman v Wasserman*, 217 AD2d 544), neither the fact that he was assertedly emotionally distraught when it was signed, and was unaware of the magnitude of the expenses he was agreeing to assume in the future, nor the fact that he now recognizes in retrospect that he struck a "bad bargain", is enough to vitiate the agreement (*see, Vermilyea v Vermilyea*, 224 AD2d 759, 761; *cf., Matter of Healey v Healey*, *supra*, at 968).

Nor do the changes in petitioner's financial circumstances since the execution of the agreement, namely, a decrease in his income coupled with increasing costs, justify modifying the agreement. The comparatively modest reduction in petitioner's income (according to his testimony, he was earning $41,091 at the time of the hearing, while his 1991 W-2 statement showed earnings of $44,856), occasioned by his voluntary decision to change employers, does not furnish a valid basis for awarding the relief sought (*see, Feld v Feld*, 214 AD2d 884, 886).

As for the additional child support expenditures identified by petitioner, most have resulted either from ordinary increases in the cost of living or from changes in the children's activities as they grew older, factors which could have been taken into consideration when the agreement was signed. Increases of this nature, without more, are insufficient to warrant upward modification of a party's agreed-upon child support obligation (*see, Matter of Strack v Strack*, 225 AD2d 872, 874). Respondent's testimony also provides ample basis for the Hearing Examiner's finding that the younger child's need for orthodontic treatment was, likewise, not unanticipated, but had been brought to petitioner's attention as early as 1987.

Lastly, it is apparent from the record that petitioner is fully able to adequately support the children (*see, Matter of Tribley v Tribley*, 178 AD2d 819, 820). As for the remainder of petitioner's arguments—including his request for an award of postsecondary educational expenses, which is entirely specula-

tive at this time (see, Matter of DeAngelo v Doherty, 208 AD2d 1012, 1014)—they have been considered and found wanting.

Mikoll, J. P., Mercure, Crew III and Peters, JJ., concur. Ordered that the order is affirmed, without costs.