■ HERBERT C. HALLAS, Respondent, v MARY K. MOULE, Appellant. [676 NYS2d 274] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Demarest, J.), entered July 11, 1997 in Franklin County, which, *inter alia*, denied defendant's motion to set aside a separation agreement based on fraud.

In 1995, after 11 years of marriage, the parties (both of whom are licensed to practice law) entered into a separation agreement, which provides that in exchange for, *inter alia*, her relinquishment of all rights in plaintiff's pension funds, defendant would receive $13,000 in two payments. After plaintiff commenced this action for divorce, defendant moved for a declaration that the agreement was void, arguing that she was induced to accept its terms by plaintiff's fraudulent misrepresentations as to when his pension benefits would become available. After a hearing, Supreme Court denied defendant's motion, prompting this appeal.

At issue is the propriety of Supreme Court's distribution of plaintiff's Connecticut teachers' pension fund, which had accrued over 28 years of employment and was valued at approximately $72,000. Utilizing the *Majauskas* formula (*see, Majauskas v Majauskas*, 61 NY2d 481), defendant calculated her equitable share of that fund to be $14,142.86 ($72,000 x 11/28 x 1/2). She maintains that she agreed to forego her right to a pro rata share of each of plaintiff's monthly pension benefit payments (which he began collecting, pursuant to an early retirement option, in January 1996) only because plaintiff misinformed her that he would be unable to draw upon that pension until 1999, when he reaches age 62.

Defendant urges that Supreme Court erred in measuring her proof of fraud against a "clear and convincing evidence" standard, when the Court of Appeals has instructed that "transactions between married persons, especially separation agreements", must be stringently scrutinized (*Christian v Christian*, 42 NY2d 63, 72) to ensure that they have been arrived at fairly and equitably. However, in concluding that actual fraud need not be shown to set aside an agreement of this type—that it is enough if the terms are so "manifestly unfair" to one spouse as to support an inference of overreaching by the other (*id.*, at 72)—Supreme Court was not relaxing the standard of proof for demonstrating actual fraud but simply providing an alternative basis for vitiating an unjust agreement (*see, Lambert v Lambert*, 142 AD2d 557, 558).

Here, neither the terms of the agreement itself nor the circumstances surrounding its negotiation and execution evince such inequity. Defendant, an experienced matrimonial at-

torney, knew or was capable of ascertaining her legal rights in general, as well as her specific rights vis-à-vis this pension plan. After extensive negotiations, during which she consulted with independent counsel, defendant voluntarily entered into the agreement—which, not insignificantly, contains an express representation that both parties have been fully informed as to the other's financial circumstances (*see, Matter of Kaffenberger v Kaffenberger,* 228 AD2d 743, 744; *Grubman v Grubman,* 191 AD2d 194, 195, *lv denied* 82 NY2d 651; *compare, Vandenburgh v Vandenburgh,* 194 AD2d 957, 959).

In exchange for her relinquishment of pension rights valued at approximately $17,000 (in addition to the Connecticut pension, defendant would also have been entitled to share in another small pension plaintiff was accruing as a teacher in New York), the collection of which would have been subject to plaintiff's unilateral decision to retire (*see, Olivo v Olivo,* 82 NY2d 202, 209-210), defendant received not only the $13,000 "lump sum" award, but also plaintiff's release of all of his rights in a judgment lien the couple had on a parcel of real property in Connecticut. This arrangement, by which defendant forfeited the possibility of receiving a larger total amount over time in exchange for the twin benefits of immediacy and certainty, cannot fairly be characterized as "manifestly unfair" or unconscionable (*see, Skotnicki v Skotnicki,* 237 AD2d 974, 975).

And, given the conflicting evidence, both testimonial and documentary, bearing on the issue of what defendant knew about the availability of the early retirement plan, we are not inclined to disturb Supreme Court's finding that defendant did not prove that she had been defrauded (*see, Amiel v Amiel,* 239 AD2d 532; *cf., Dayton v Dayton,* 175 AD2d 427, 428, *lv denied* 78 NY2d 863).

Mikoll, J. P., Mercure, Crew III and White, JJ., concur. Ordered that the order is affirmed, without costs.