■ DOMENICA GIUSTINIANI, Appellant, v DAVID GIUSTINIANI, Respondent. [719 NYS2d 139] —Mugglin, J. Appeals (1) from an order of the Supreme Court (Torraca, J.), entered December 14, 1999 in Ulster County, upon a dismissal of the complaint at the close of plaintiff's case, and (2) from the judgment entered thereon.

Supreme Court granted defendant's motion to dismiss plaintiff's complaint at the close of her proof in this action to

set aside a separation agreement. Commencing in 1978, the parties lived together in a home owned by plaintiff, with her two sons from a previous marriage. In 1979, upon learning that plaintiff was pregnant with their daughter, defendant moved out. Also, in 1979, plaintiff gave the Ulster County Department of Social Services a mortgage lien against her house in the sum of $30,000. Plaintiff claims that this was necessitated by the expenses attendant with the birth of their daughter, despite the fact that the record reflects that she received social services benefits for a period of approximately four years. Also, in 1979, defendant established his automotive repair business. Subsequently, the parties reconciled and were married in 1984 and thereafter resided in a residence acquired by defendant prior to the marriage. Plaintiff worked for defendant's business from about 1989 until the parties separated in 1993. Plaintiff was not compensated for her services of cleaning the business premises or bookkeeping for the first year, but thereafter received a salary. All business and personal expenses of the parties were paid from the checking account at the business and both parties had the ability to write and sign checks. The parties filed joint income tax returns during the marriage.

As a result of difficulties in the marriage, both parties mutually agreed to separate. In 1993, defendant obtained a form of a separation agreement from a friend and he and plaintiff discussed both the rough draft of this agreement and the final typed copy. About one week after receipt of the final draft, plaintiff added handwritten provisions awarding her $150 per week maintenance for one year, $150 per week child support during the minority of their daughter, and health insurance benefits for herself and their daughter. Neither party was represented by counsel at this time, although plaintiff had consulted counsel approximately three months previous thereto. On the occasion of her first divorce, plaintiff had been represented by counsel and had executed a separation agreement.

Plaintiff first asserts that Supreme Court erred in not setting aside the separation agreement because it is the product of overreaching, its terms being unfair and unconscionable. It is well settled that an agreement resolving issues of equitable distribution may be set aside as unconscionable if it manifests unfairness suggesting that the distribution of assets is " ' "such as no [person] in his [or her] senses and not under delusion would make on the one hand, and as no honest and fair [person] would accept on the other" ' * * * the inequality being

' "so strong and manifest as to shock the conscience and confound the judgment of any [person] of common sense" ' " (*Christian v Christian*, 42 NY2d 63, 71 [citations omitted]). Plaintiff claims that the agreement is unconscionable because she received no share of the automobile repair business, marital residence or boat, and the agreement did not require defendant to pay any share of the Social Services lien on her residence.

First, we observe that plaintiff failed to produce any competent evidence of the value of the business, residence or boat, and her testimony concerning the origin of this social services lien is unpersuasive. Moreover, since the business and residence constituted separate property of defendant, at most the marital portion would be the increase in value of these assets during the marriage and there is no evidence on this issue (*see, e.g., Price v Price*, 69 NY2d 8). The evidence with respect to the boat is that the parties paid $15,000 from joint funds and borrowed an undisclosed amount to purchase the boat. After the separation, defendant sold the boat and kept the $7,000 of "net proceeds." Defendant therefore testified to an $8,000 "loss" and plaintiff offered no evidence of value to refute this testimony. Also unrefuted is defendant's testimony that plaintiff's separate residence was improved with an addition and a new stove prior to her leaving his residence. The separation agreement did provide for the division of personal property and vehicles. Under such circumstances, plaintiff's proof fails to shock the conscience or confound the judgment of any person of common sense, thus presenting an inadequate basis upon which to set aside the agreement as unconscionable.

Next, we address plaintiff's contention that the agreement should be set aside as the product of duress. She testified that she was depressed at the time she entered into this agreement. However, the record reflects that she was taking no medication at the time. Moreover, Supreme Court properly struck the testimony of her psychiatrist. His testimony was offered on the issue of her mental state at the time she executed the separation agreement. On cross-examination, however, he refused to allow defendant's attorney to review the file, asserting a breach of confidentiality. As her mental condition was voluntarily put in issue by plaintiff, she waived any physician-patient privilege (*see, Connell v Beaulac*, 124 AD2d 457, 457-458), making her relevant psychological records discoverable (*see generally, Syron v Paolelli*, 238 AD2d 710). In addition, plaintiff's experience gained during her first divorce, her review of the document for at least one week, her admitted ability to consult

counsel had she wanted to and her amendments to the document belie her claim of duress.

Lastly, plaintiff's claim that Supreme Court improperly dismissed her complaint on the basis of laches misconstrues Supreme Court's ruling, the dismissal having been based on the doctrine of ratification. Plaintiff accepted the benefit of the separation agreement for almost four years before instituting this action, making ratification a valid additional ground for dismissing the complaint (*see, Schoradt v Rivet,* 186 AD2d 307; *see also, Jeannotte v Jeannotte,* 235 AD2d 711; *Torsiello v Torsiello,* 188 AD2d 523).

We have examined the balance of plaintiff's contentions and find them to be unavailing.

Mercure, J. P., Spain, Carpinello and Rose, JJ., concur. Ordered that the order and judgment are affirmed, without costs.