■ MARY C. LYONS, Appellant, v CHRISTOPHER R. LYONS, Respondent. (And Another Related Action.) [734 NYS2d 734] —Mugglin, J. Appeals (1) from a judgment of the Supreme Court (Hall, J.) granting, *inter alia*, defendant a divorce, entered July 25, 2000 in Saratoga County, upon a decision of the court, (2) from an order and judgment of said court, entered July 25, 2000 in Saratoga County, which, *inter alia*, granted

defendant's motion for partial summary judgment dismissing the fourth cause of action, and (3) from an order of said court, entered July 25, 2000 in Saratoga County, which denied plaintiff's motion to, *inter alia*, hold defendant in contempt for violating a court order.

Plaintiff and defendant were married on August 15, 1987 and are the parents of two unemancipated children. Both parties are law school graduates. Defendant is a practicing attorney but plaintiff has never been licensed to practice. As a result of marital difficulties, the parties executed a separation agreement in April 1998. In May 1998, plaintiff commenced an action for divorce on the ground of constructive abandonment. For ancillary relief, plaintiff sought incorporation, but not merger, of the separation agreement into the divorce decree. In April 1999, one year having elapsed, defendant commenced his own action seeking a divorce pursuant to Domestic Relations Law § 170 (6). This action was joined with plaintiff's action. Thereafter, on March 2, 2000, by permission granted by court order, plaintiff served an amended complaint in the first action and sought, *inter alia*, in the fourth cause of action, to set aside the separation agreement as "unfair, invalid, inequitable, unjust, the product of overreaching * * *, the product of coercion * * * and utterly unconscionable."

The primary issue on this appeal results from plaintiff's claim that Supreme Court erred in granting defendant's motion for summary judgment to dismiss her fourth cause of action in the amended complaint and in granting his motion for summary judgment for divorce in the second action. Plaintiff asserts that these motions were granted in error because of the existence of a myriad of factual issues concerning the execution of the agreement and the unconscionability of its terms.

The parties, in their affirmations and pleadings, describe the events surrounding the preparation and execution of the separation agreement in different terms, which ordinarily would give rise to an issue of credibility sufficient to defeat a motion for summary judgment (*see, Home Mut. Ins. Co. v Lapi*, 192 AD2d 927, 929). However, recognizing our obligation to view the evidence in the light most favorable to the nonmoving party, we eliminate issues of credibility herein by adopting plaintiff's version of the facts. By doing so, it becomes clear that defendant prepared the agreement. He gave it to plaintiff who took it to her attorney and received the advice of this attorney that it was unfair and inadequate in several respects. Nevertheless, plaintiff left her counsel's office and went immediately to defendant's office. Her description of what oc-

curred there, when limited to the factual assertions in her affidavits and pleadings, is that she signed the agreement after defendant became "enraged," screamed at her "not one damn thing is going to be changed," and threatened her with matrimonial litigation which would include his seeking sole custody of the children and which would bring financial ruin on plaintiff and her mother. While such statements and actions, if true, are not commendable, we agree with Supreme Court that they do not amount to duress as a matter of law. To maintain a claim of duress, plaintiff must demonstrate that threats allegedly made by defendant "deprived [her] of the ability to act in furtherance of [her] own interests" (*Mahon v Moorman*, 234 AD2d 1, 1), or deprived her of the ability to exercise her own free will (*see, Polito v Polito*, 121 AD2d 614, 615, *lv dismissed* 68 NY2d 981). To accomplish this, plaintiff "must demonstrate that threats of an unlawful act compelled his or her performance of an act which he or she had the legal right to abstain from performing" (*id.*, at 614-615). A mere "threat to do that which one has the legal right to do does not constitute duress" (*Matter of Rychlick v Coughlin*, 99 AD2d 863, 864, *affd* 63 NY2d 643; *see, Friends Lbr. v Cornell Dev. Corp.*, 243 AD2d 886, 888).

Here, defendant, in the absence of an agreement, had the right to commence litigation, including custody litigation, and the fact that such litigation would be expensive does not convert this lawfully made statement to one which constitutes coercion or duress. Moreover, we are unpersuaded by plaintiff's claim that her will was overborne by her condition of chronic alcoholism. Notably absent from the record is any medical evidence or even an affidavit of her then attorney. As a result, her conclusory allegations in this regard do not raise triable issues of fact (*see, Towner v Towner*, 225 AD2d 614, 615; *Juliani v Juliani*, 143 AD2d 72, 74). Moreover, her allegations of coercion, duress and overreaching, based on her physical and mental condition, are completely refuted by her return to her attorney, one month after executing the agreement, for the purpose of retaining that attorney to institute the first action for divorce in which she sought to incorporate this very agreement. In addition, by accepting benefits pursuant to the agreement for several months before seeking to amend the complaint, plaintiff is deemed to have ratified the agreement (*see, Beutel v Beutel*, 55 NY2d 957, 958; *Schoradt v Rivet*, 186 AD2d 307).

Turning to the issue of unconscionability, we first recognize that "[s]eparation agreements are held to a higher standard of

equity than other contracts and may be set aside if manifestly unfair to one spouse because of overreaching by the other" (*Vandenburgh v Vandenburgh*, 194 AD2d 957, 958; *see, Christian v Christian*, 42 NY2d 63, 72). Moreover, "our review of separation agreements should be 'exercised circumspectly, sparingly and with a persisting view to the encouragement of parties settling their own differences in connection with the negotiation of property settlement provisions'" (*Croote-Fluno v Fluno*, 289 AD2d 669, 670, quoting *Christian v Christian, supra*, at 71-72). While plaintiff may have been able to negotiate a better agreement had she not been so anxious to quickly end this marriage, given the admitted financial situation of the parties, the terms of the separation agreement cannot be considered manifestly unfair (*see, Gorman v Gorman*, 87 AD2d 674, 675). Plaintiff had the aid and advice of independent counsel and, having chosen to ignore that advice, she should not now be heard to complain that she was improvident (*see, Schoradt v Rivet, supra*, at 307).

Next, we address the secondary issues raised by plaintiff's appeal. We find no merit in plaintiff's argument that Supreme Court lacked jurisdiction to grant defendant's motion for summary judgment since another Justice of the same court had previously denied a similar prior motion. Our review of that motion reveals that, in essence, it was a motion brought pursuant to CPLR 3211 (a) to dismiss for, *inter alia*, failure to state a cause of action which does not bar a subsequent motion for summary judgment (*see, State of New York v Barclays Bank*, 151 AD2d 19, *affd* 76 NY2d 533). Moreover, to the extent that the previous motion addressed plaintiff's fourth cause of action to set aside the separation agreement, it was premature as a motion for summary judgment as it predated service of the amended complaint and amended answer.

As a final matter, contrary to plaintiff's contentions, the record clearly establishes that Supreme Court reviewed the submissions of the parties on the contempt proceedings and, based thereon, properly determined that defendant had not willfully violated the orders and that no hearing was necessary or required by the submissions.

Spain, J. P., Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the judgment, order and judgment, and order are affirmed, without costs.