■ STEPHANIE LOUNSBURY, Respondent, v ROBERT T. LOUNSBURY, Appellant. [752 NYS2d 103] —Spain, J. Appeal from an order of the Supreme Court (Meddaugh, J.), entered September 27, 2001 in Sullivan County, which, inter alia, granted plaintiff's motion for partial summary judgment.

Defendant and plaintiff were married in 1995 and two children were born of the marriage, both of whom are currently under the age of 21. On May 25, 2001, plaintiff commenced an action for divorce. Plaintiff's attorney drafted a proposed settlement/separation agreement to dispose of matters related to the parties' divorce. It is undisputed that in early June 2001, plaintiff presented the agreement to defendant with an attached letter from plaintiff's attorney which, inter alia, advised

defendant of a pending order to show cause seeking pendente lite relief returnable on June 5, 2001. The letter also warned defendant that if the agreement were not acceptable to him he should not sign it and suggested that if represented by an attorney he should present the agreement to the attorney. It is clear that at that time defendant was not represented by an attorney. At some point thereafter (the parties differ about when and where these events occurred), defendant made handwritten changes to and signed the revised agreement. Plaintiff picked up the revised agreement from defendant on June 4, 2001, and signed it without further revision. Each party agrees that their respective acknowledgments at the end of the agreement were duly notarized. Plaintiff thereafter called defendant to inform him that her attorney would draft a revised agreement but, after defendant informed plaintiff that he would refuse to sign a revised agreement, plaintiff sought enforcement of the original proposed agreement as revised by defendant.

On June 28, 2001, plaintiff moved for partial summary judgment seeking a declaration that the agreement as revised by defendant was valid and enforceable. It is undisputed that prior to this motion, defendant had not received from plaintiff a copy of the fully executed agreement. Supreme Court granted plaintiff's motion for partial summary judgment finding that the agreement was valid and enforceable, and denied as moot her motion for pendente lite relief. Defendant now appeals.

Domestic Relations Law § 236 (B) (3) provides that "[a]n agreement by the parties, made * * * during the marriage, shall be valid and enforceable in a matrimonial action if such agreement is in writing, subscribed by the parties, and acknowledged." If, on its face, the agreement is signed by the parties and bears their notarized acknowledgments, there is a presumption of due execution, rebuttable only upon clear and convincing evidence (*see Smith v Smith*, 263 AD2d 628, 629, *lv dismissed* 94 NY2d 797; *Spilky v Bernard H. La Lone, Jr., P.C.*, 227 AD2d 741, 743).* A court may grant summary judgment upon its finding that a settlement agreement is valid

---

* Plaintiff's attorney states in an affidavit that it was he who, as a notary, took plaintiff's acknowledgment to the revised separation agreement, but the record reflects that plaintiff's attorney actually signed below the paragraph describing defendant's acknowledgment. Notably, neither party has raised an issue about what appears to be an oversight by their respective notaries, nor does either party deny that they each appeared before a notary and acknowledged their execution of the agreement. Accordingly, we need not address whether this apparent mistake would have any impact on the enforceability of the agreement.

only where the spouse opposing the validity of the agreement fails to state a triable issue of fact (*see Forsberg v Forsberg*, 219 AD2d 615, 616-617; *J.R.S. v P.J.S.*, 155 AD2d 323, 323, *lv denied and dismissed* 75 NY2d 938).

We reject defendant's contention that the provisions in the agreement requiring him to transfer the marital home to plaintiff, to pay the mortgage ($1,468.96 a month) until the mortgage is paid in full, and to pay all real estate taxes on the property ($750 a month) until the children turn 18, even if plaintiff "remarries or cohabits with another adult," are unconscionable. An agreement is unconscionable only if it is one " ' "such as no [person] in his [or her] senses and not under delusion would make on the one hand, and as no honest and fair [person] would accept on the other" ' (*Hume v United States*, 132 US 406, 411), the inequality being ' "so strong and manifest as to shock the conscience and confound the judgment of any [person] of common sense" ' " (*Christian v Christian*, 42 NY2d 63, 71, quoting *Mandel v Liebman*, 303 NY 88, 94; *see Giustiniani v Giustiniani*, 278 AD2d 609, 610-611, *lv denied* 96 NY2d 706). Moreover, judicial review of separation agreements should be limited to encourage spouses to resolve issues on their own (*see Christian v Christian, supra* at 71-72; *Croote-Fluno v Fluno*, 289 AD2d 669, 670). Courts, however, will scrutinize agreements between spouses more closely than general business contracts to ensure that the agreement was entered into freely and is not unconscionable (*see Christian v Christian, supra* at 72; *Vandenburgh v Vandenburgh*, 194 AD2d 957, 958). Indeed, a separation agreement is not per se unconscionable simply because marital assets are divided unequally (*see Croote-Fluno v Fluno, supra* at 670), because one spouse "gave away more than [that spouse] might have been legally required to do" (*Schoradt v Rivet*, 186 AD2d 307, 307; *see, Lyons v Lyons*, 289 AD2d 902, 905, *lv denied* 98 NY2d 601), or because the spouse's decision to approve the agreement might be characterized as unwise (*see Clermont v Clermont*, 198 AD2d 631, 632, *lv dismissed* 83 NY2d 953).

Here, the clauses in the agreement requiring defendant to pay off the mortgage and to pay property taxes until the children turn 18 are not per se unconscionable (*see Matter of Newkirk v Chaffin*, 263 AD2d 634, 635). In our view, although defendant may have "given more" than he might legally have been compelled to give, considered in its totality, the separation agreement hardly "shock[s] the conscience" (*see Christian v Christian, supra* at 71; *Schoradt v Rivet, supra* at 307). That the agreement transfers all interest in the marital home to

plaintiff, while requiring defendant to make mortgage and tax payments on that property, and distributes a disproportionate amount of the parties' debt to defendant must be viewed relative to the fact that plaintiff has physical custody of the children and that she waived any right to spousal maintenance (*see Matter of Kaffenberger v Kaffenberger*, 228 AD2d 743, 743-744). In addition, the agreement equally divides proceeds from and expenses on separately owned real property, and distributes significant personal property to both defendant (e.g., defendant's business, all race horses owned by either spouse) and plaintiff (e.g., two vehicles, all household furnishings) (*cf. Clermont v Clermont*, *supra* at 633). Significantly, the agreement also requires defendant to pay less child support than the Child Support Standards Act (*see* Domestic Relations Law § 240 [1-b] [hereinafter CSSA]) guidelines would otherwise require. Finally, it is not unconscionable that the agreement imputes income of $80,000 to defendant where defendant liberally changed other provisions of the agreement—including increasing the amount of plaintiff's stated income—but did not change the amount of income imputed to him as Supreme Court noted; in any event, because the parties agreed to deviate from the CSSA, imputation of income was not relevant in determining child support. Indeed, the agreement as a whole reflects no unconscionability.

We also reject defendant's assertion that he was coerced, intimidated and under duress when he signed the separation agreement because he was "anxious and fearful" of the pending motion for pendente lite relief and was not represented by counsel. To prevail on a claim of duress, defendant must prove that plaintiff's alleged threats "deprived [him] of the ability to exercise [his] own free will" (*Lyons v Lyons*, 289 AD2d 902, 904, *supra*). It is well established that a separation agreement is not invalid simply because one spouse was not represented by counsel (*see Croote-Fluno v Fluno*, 289 AD2d 669, 671, *supra*; *Lavelle v Lavelle*, 187 AD2d 912, 912-913; *Zambito v Zambito*, 171 AD2d 918, 919, *appeal dismissed* 78 NY2d 1125; *see also Levine v Levine*, 56 NY2d 42, 49). Further, the fact that defendant allegedly felt threatened by a legal action which plaintiff had the right to commence does not constitute duress (*see Lyons v Lyons*, *supra* at 904, citing *Matter of Rychlick v Coughlin*, 99 AD2d 863, 864, *affd* 63 NY2d 643). Notably, defendant took the time to carefully modify the proposed agreement in his own hand and was advised in the letter from plaintiff's attorney that, if he wanted, he could request an adjournment from Supreme Court. In our view, defendant failed to raise any triable issue as to whether he was under duress when he signed the agreement, the revision of which reflects attention to detail.

We next reject defendant's contention that the handwritten provision—which he himself inserted in the agreement—for child support to terminate when the children reach age 18 is unenforceable as contrary to public policy. The parents of a child under the age of 21 are chargeable with the support of such child (*see* Domestic Relations Law § 240 [1-b] [b] [2]; Family Ct Act § 413 [1] [a]). Courts will not allow a spouse, by agreement, to evade this statutory obligation where the child's needs would otherwise not be met (*see* Family Ct Act § 461 [a]). However, courts allow spouses to limit one spouse's child support obligation where such agreement adequately protects the child (*see Saxton v Saxton*, 267 AD2d 688, 689; *Matter of Kaffenberger v Kaffenberger*, 228 AD2d 743, *supra*; *see also Matter of Boden v Boden*, 42 NY2d 210, 212-213; *Neckers v Neckers*, 160 AD2d 693, 693). We find that, under the circumstances of this case, the provision is an acceptable "allocation of the parties' mutual financial obligations to support their children" (*Saxton v Saxton*, *supra* at 689). While plaintiff waived child support after the children reach age 18, she also received full ownership of the marital home, where the children also will live, among other financial benefits (*see Matter of Kaffenberger v Kaffenberger*, *supra* at 743).

Defendant also contends that the child support provision is invalid because neither the parties' agreement nor Supreme Court's order explains why the parties deviated from the basic child support obligation by agreeing to an amount less than the presumptive amount and by requiring defendant to pay child support only until the children reach age 18, not age 21. In making child support awards, courts generally are required to apply guidelines set forth in the CSSA. However, parties may reach their own agreement regarding child support provided the agreement includes a provision that the parties have been advised of the provisions of the CSSA and that application of the CSSA would "presumptively result in the correct amount of child support to be awarded" (Domestic Relations Law § 240 [1-b] [h]). If the agreed amount "deviates" from the amount that would have been awarded under the CSSA, then the parties must specify what that amount would have been and "the reason or reasons that such agreement * * * does not provide for payment of that amount" (Domestic Relations Law § 240 [1-b] [h]). Here, the parties did agree to deviate from the CSSA, stated the presumptive amount ($385 per week) and explained generally why they deviated from the basic child support obligation in article 26 of their agreement (*see Gallet v Wasserman*, 280 AD2d 296, 297-298).

Moreover, although Supreme Court did not articulate the

reasons it permitted deviation from the CSSA guidelines (*see* Domestic Relations Law § 240 [1-b] [h]; *Sheridan v Sheridan*, 174 Misc 2d 249, 253-254), in the interest of judicial economy we exercise our discretion to review the record and to make independent findings in this regard (*cf. Chasin v Chasin*, 182 AD2d 862, 864). Here, the fact that plaintiff received full ownership of the marital dwelling where the children will be living, that defendant will be paying all remaining mortgage payments until the mortgage has been paid in full and all real estate taxes until the children are 18 years of age, together with defendant's assumption of a disproportionate portion of marital debt and other financial benefits to plaintiff, fully justify the conclusion that the child support provision of the agreement is fair to the children despite the deviation from the CSSA.

We have considered defendant's remaining contentions and find they are without merit.

Cardona, P.J., Mercure, Peters and Rose, JJ., concur. Ordered that the order is affirmed, without costs.