■ ANITA MORAND, Appellant, v MICHAEL MORAND, Respondent. [767 NYS2d 523]—

Peters, J. Appeal from an order of the Supreme Court (Seibert, Jr., J.), entered May 8, 2002 in Saratoga County, upon a decision of the court in favor of defendant.

Plaintiff and defendant, married in 1984, have two minor children. In March 2000, defendant hired an attorney to prepare a separation agreement. Both parties appeared before a notary public and executed the agreement. In October 2000, plaintiff commenced this action challenging the agreement. Supreme Court considered the circumstances surrounding its execution and found no fraud, overreaching or unconscionability. Plaintiff appeals.

Preliminarily, we reject defendant's contention that the lapse of time between the signing of the agreement and the commencement of this action constitutes either laches (*see Dedeo v Petra Inv. Corp.*, 296 AD2d 737, 738 [2002]; *Flynn v Rockwell*, 295 AD2d 672, 674 [2002]) or its ratification (*compare Beutel v Beutel*, 55 NY2d 957, 958 [1982]; *Lyons v Lyons*, 289 AD2d 902, 904 [2001], *lv denied* 98 NY2d 601 [2002]; *Giustiniani v Giustiniani*, 278 AD2d 609, 612 [2000], *lv denied* 96 NY2d 706 [2001]).

Turning to plaintiff's claim of duress, the actions of defendant must be found to have either " 'deprived [plaintiff] of the ability to act in furtherance of [her] own interests' " (*Lyons v Lyons, supra* at 904, quoting *Mahon v Moorman*, 234 AD2d 1, 1 [1996]) or the "ability to exercise . . . free will" (*Lyons v Lyons, supra* at 904). Plaintiff's own testimony belies this claim. She testified that defendant presented her with the agreement for signing as she was preparing to go out for the night. After she advised him that she did not have time to read the agreement that night, he "ma[d]e a scene" in front of the children, threatening to prevent her from going out unless it was signed. At no time was she fearful or stressed by his behavior. In fact, plaintiff testified that she was determined to go out and had no intentions of changing her plans. The testimony and affidavit of the notary public confirm that there was no outward manifestation by plaintiff that she was signing this agreement under threat or emotional instability. While her decision to hastily sign the agreement may have been unwise (*see Lounsbury v Lounsbury*, 300 AD2d 812, 814 [2002]), her claim of duress is unsupported.

Next addressing the issue of unconscionability, " '[s]eparation agreements are held to a higher standard of equity than other contracts and may be set aside if manifestly unfair to one spouse because of overreaching by the other' " (*Croote-Fluno v Fluno*, 289 AD2d 669, 670 [2001], quoting *Vandenburgh v Vandenburgh*, 194 AD2d 957, 958 [1993]). Our review remains cautious, " 'exercised circumspectly, sparingly and with a persisting view to the encouragement of parties settling their own differences

in connection with the negotiation of property settlement provisions' " (*Croote-Fluno v Fluno, supra* at 670, quoting *Christian v Christian*, 42 NY2d 63, 71-72 [1977]). Simply alleging an unequal division of assets will not be sufficient (*see Lounsbury v Lounsbury, supra* at 814).

Here, plaintiff was aware of the purpose underlying a separation agreement and had full knowledge of the parties' finances and expenses. Although plaintiff contends that she did not have a real opportunity to review the agreement, have full financial disclosure or retain independent legal counsel before signing, her testimony indicated that she engaged in a cursory review of the agreement both when it was presented and on route to the notary. These facts, coupled with the clearly denoted sections of the agreement, its language and her familiarity with its purpose, undermine her claim.

Moreover, we do not find its provisions to be per se unconscionable. While the parties offer radically different testimony regarding the circumstances which led to the drafting of the agreement, its terms are not manifestly unfair. Defendant, as the primary custodian of the children, received full title to the martial residence, while plaintiff was relieved of any obligations for the mortgage, home equity loan, real estate taxes and other relevant expenses. Defendant also assumed full health insurance coverage for the children and relieved plaintiff of any obligation to pay child support;* neither received maintenance under the agreement. While plaintiff was required to waive any rights to defendant's pension, plaintiff's own testimony established that her waiver was made knowingly. With all of the parties' other assets divided equally, other than a jointly-owned stock portfolio of which plaintiff received the full amount, we agree that plaintiff failed to establish her claim of unconscionability or that the agreement was procured by fraud or overreaching. Accordingly, the order is affirmed.

Mercure, J.P., Spain, Carpinello and Rose, JJ., concur. Ordered that the order is affirmed, without costs.

---

\* There is no dispute that the provisions of Domestic Relations Law § 240 (1-b) were fully complied with.