■ BETTINA BROER, Respondent, v WILLIAM HELLERMANN, Appellant. [770 NYS2d 212]—

Spain, J. Appeal from a judgment of the Supreme Court (Cobb, J.), entered August 14, 2002 in Columbia County, ordering, inter alia, maintenance and child support, upon a decision of the court.

Under the fairly comprehensive terms of a 1998 separation agreement defendant, represented by counsel, agreed to pay plaintiff maintenance in the amount of $1,000 monthly for six

years as well as child support for the parties' two children in the amount of $1,000 monthly. Ultimately, plaintiff commenced this action seeking a judgment of divorce and enforcement of the maintenance and child support provisions of the settlement agreement, and arrears of more than $18,000. Defendant answered raising no challenge to the agreement as the basis for divorce, but asserted a counterclaim seeking to set aside the maintenance and support provisions. Following a trial, at which the parties and defendant's former attorney testified, Supreme Court granted plaintiff a divorce and denied defendant's counterclaim, awarding plaintiff $40,800 in maintenance and support arrears. On defendant's appeal, we affirm.

Finding support in the record for Supreme Court's findings, we reject defendant's contentions that the maintenance and support provisions of the parties' separation agreement were unfair, unreasonable, unconscionable or otherwise unenforceable. Separation agreements are more closely scrutinized than ordinary contracts, due to the fiduciary relationship between the parties, and will be set aside if found to be unfair because of overreaching, fraud or other compelling cause (*see Wisniewski v Cairo*, 305 AD2d 788, 789-790 [2003]; *Lyons v Lyons*, 289 AD2d 902, 902-903 [2001], *lv denied* 98 NY2d 601 [2002]). However, judicial review of separation agreements is generally limited to encourage spouses to resolve issues on their own (*see Lounsbury v Lounsbury*, 300 AD2d 812, 814 [2002]) and a reviewing court should not set aside the terms of an agreement which simply reflects unwise bargaining (*see id.* at 814; *Croote-Fluno v Fluno*, 289 AD2d 669, 670 [2001]). Moreover, a reviewing court should afford deference to the trial court's findings on issues of witness credibility due to its advantage of observing the witnesses during the course of their testimony (*see Barney v Barney*, 301 AD2d 950, 951 [2003]; *Vandenburgh v Vandenburgh*, 194 AD2d 957, 958-959 [1993]).

Defendant asserted that when the separation agreement was executed in 1998, the parties used his stated gross business income of $48,000 as reported in Schedule C of their 1996 tax return in calculating child support when his net income for 1996 was actually only $18,709. As the maintenance and support payments agreed to in the separation agreement amount to an annual obligation of $24,000, defendant claims that this demonstrates that the settlement was unfair and unconscionable, especially when the agreement also required him to take on the bulk of the marital debt and to pay medical and other expenses over and above the support provisions.

Plaintiff asserts that defendant concealed his true income and

in 1998—the year in which the separation was negotiated and executed—he had a much larger income than any figure to which he testified. Plaintiff points to defendant's 1998 statement of net worth which listed his annual expenses as roughly $70,900, his 1998 bankruptcy petition listing his annual income as in excess of $50,000 and his statements to her that he had an annual income of about $85,000. A letter from defendant to his attorney reflects that, during negotiations, he consciously made the offer to pay plaintiff $24,000 annual maintenance and child support in an effort to end the "time wasting and irritating" debate as to his actual income.

Supreme Court, in a well-reasoned decision, refused to set aside the separation agreement, credited plaintiff's testimony and found that there were "serious credibility issues" with the testimony and other proof offered by defendant, most notably his tax returns. In our view, the record amply supports the court's findings and conclusions.

We also reject defendant's assertion that Supreme Court should have set aside the child support provisions of the separation agreement because the agreement failed to set forth the actual presumptively correct amount to be awarded pursuant to the Child Support Standards Act (hereinafter CSSA) (*see* Domestic Relations Law § 240 [1-b] [h]; *Matter of Wormuth v Taylor*, 251 AD2d 806, 807-808 [1998]; *Gonsalves v Gonsalves*, 212 AD2d 932, 934 [1995]). Here, the separation agreement states that the parties were aware of the child support provisions of the CSSA, had reviewed the statute with their attorneys and were aware that, in the absence of their agreement, the presumptive CSSA amount for their two children would have been $1,000 per month based on defendant's income of $48,000, setting the monthly child support payment at $1,000. Nowhere in the agreement does it state that there is a deviation from the CSSA. Considering the court's credibility determinations and upon our review of the record, we conclude that the terms of this agreement did not deviate from the CSSA and that defendant was well aware of how the CSSA would apply to his actual income.

Mercure, J.P., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.