■ KIMBERLIE A. CIFERRI-WEISSE, Respondent-Appellant, v RAYMOND J. WEISSE, Appellant-Respondent. [793 NYS2d 49]—

In an action, inter alia, for a divorce and ancillary relief, the defendant appeals (1) from a decision of the Supreme Court, Westchester County (Spolzino, J.), dated March 10, 2003, (2), as limited by his brief, from so much of a judgment of the same court, entered September 5, 2003, as, after a nonjury trial, and upon an order of the same court dated October 4, 2002, inter alia, granting the plaintiff's motion for summary judgment dismissing his counterclaim to rescind a postnuptial agreement between the parties, and upon the decision dated March 10, 2003 (a), in effect, declared the postnuptial agreement valid and enforceable, and (b) directed him to pay child support in the sum of $875 per month (3), as limited by his brief, from so much of an order of the same court dated January 30, 2004, as (a) granted the plaintiff's motion for certain income execution orders, and (b) denied his motion pursuant to CPLR 5015 (a) (1) to vacate a "default order," (4) from an order of the same court dated February 10, 2004, which granted the plaintiff's motion, inter alia, for an award of the exclusive right to manage

the former marital residence upon his default in opposing it; and (5) from a decision of the same court dated March 9, 2004, and the plaintiff separately appeals (6) from the order dated October 4, 2002, and cross-appeals (1) from the decision dated March 10, 2003 (2), as limited by her brief, from so much of the judgment as directed the defendant to pay child support in the sum of only $875 per month, and (3), as limited by her brief, from so much of the order dated January 30, 2004, as granted that branch of her motion which was for an income execution order to enforce the award of child support and child support arrears to the extent of awarding an income execution order in the sum of only $1,239.46 per month for child support and an income execution order for child support arrears in the sum of only $951.64 per month.

Ordered that the plaintiff's appeal from the order dated October 4, 2002 (App Div Docket No. 2003-09452), is dismissed, without costs or disbursements, as the plaintiff is not aggrieved by that order (see CPLR 5511); and it is further,

Ordered that the appeal and cross appeal from the decision dated March 10, 2003 (App Div Docket No. 2003-09454), and the appeal from the decision dated March 9, 2004 (App Div Docket No. 2004-02849), are dismissed, without costs or disbursements, as no appeal lies from a decision (see Schicchi v Green Constr. Corp., 100 AD2d 509 [1984]); and it is further,

Ordered that the appeal from the order dated February 10, 2004 (App Div Docket No. 2004-02846), is dismissed, without costs or disbursements, as no appeal lies from an order made upon the default of the appealing party (see CPLR 5511); and it is further,

Ordered that the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements; and it is further,

Ordered that the order dated January 30, 2004, is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

Contrary to the defendant's contention, the Supreme Court correctly granted the plaintiff's motion for summary judgment dismissing his counterclaim to rescind the parties' postnuptial agreement. After the plaintiff established her entitlement to judgment as a matter of law, the defendant failed to raise a triable issue of fact as to the validity of the agreement (see Lounsbury v Lounsbury, 300 AD2d 812, 813-814 [2002]; see also Croote-Fluno v Fluno, 289 AD2d 669 [2001]).

The Supreme Court also properly calculated the defendant's

child support obligation. Contrary to the plaintiff's contention, the Supreme Court, in calculating the defendant's income for child support purposes (*see* Domestic Relations Law § 240 [1-b] [c] [1]), properly deducted the amount that the defendant was obligated to pay towards the carrying charges on the former marital residence (*see Cohen v Cohen,* 286 AD2d 698 [2001]; *Linda R.H. v Richard E.H.,* 205 AD2d 498, 500-501 [1994]; *Ryan v Ryan,* 186 AD2d 245, 246 [1992]; *Krantz v Krantz,* 175 AD2d 863 [1991]). Furthermore, contrary to the defendant's contention, the Supreme Court properly considered the factors set forth in Domestic Relations Law § 240 (1-b) (f) when deciding to apply the statutory factor of 17% (*see* Domestic Relations Law § 240 [1-b] [b] [3] [i]) to the amount of the combined parental income that exceeded $80,000 (*see* Domestic Relations Law § 240 [1-b] [c] [3]; *Matter of Cassano v Cassano,* 85 NY2d 649 [1995]; *Zaremba v Zaremba,* 237 AD2d 351 [1997]).

The parties' remaining contentions are without merit. Florio, J.P., Schmidt, Rivera and Lifson, JJ., concur.