■ ANN M. CONROY, Respondent, v WALTER I. CONROY, JR., Appellant.—In an action based upon a separation agreement, defendant appeals, as limited by his notice of appeal and brief, from (1) so much of an order of the Supreme Court, Westchester County, dated February 8, 1978, as granted plaintiff's applications for an upward modification of the child's support payments and (2) an order of the same court entered April 5, 1978, which denied defendant's motion denominated to "re-settle" but which was, in effect, to reargue the order dated February 8, 1978. Appeal from order entered April 5, 1978 dismissed. No appeal lies from the denial of reargument. Order dated February 8, 1978, affirmed insofar as appealed from. The plaintiff is awarded one bill of costs. The parties to this action were married on December 19, 1964. In early 1971 they entered into the separation agreement under review. On November 27, 1973 a judgment of divorce was filed in the Supreme Court, Westchester County, in which the agreement was incorporated but not merged. There was one issue of the marriage born July 22, 1965. The pertinent paragraph of the separation agreement relating to child support provided that: "(e) Upon the termination of the HUSBAND's obligation to support the WIFE, the HUSBAND agrees to pay to the WIFE for the support of the minor child, $25.00 per week, plus 1% of the difference between $8,000.00 and the HUSBAND's gross annual earnings; but in no event shall said payments exceed the sum of $150.00 per week". On July 12, 1977, by order to show cause, plaintiff wife commenced this action

upon the agreement, *inter alia,* seeking arrears in child support payments and an upward modification of same based upon the defendant's increased earnings. The defendant admitted having withheld child support payments, but argued that the plaintiff had refused him visitation rights as provided in the agreement. Further, he agreed that an upward modification of the child support payments was warranted, but contested the method to be used in computing the new amount to be given. The defendant argues that the provision for child support in the separation agreement is ambiguous. He claims that it was understood by the parties that the 1% of gross difference between $8,000 and current income was to be prorated into 52 weekly installments, until such time as the agreed upon ceiling of $150 per week was reached. We find no merit in this argument. The provision providing for child support is clear and unambiguous on its face and aptly supports the plaintiff's contention that the agreed upon 1% of gross annual income exceeding $8,000 was to be calculated and paid on a weekly basis. Mollen, P. J., Suozzi and Mangano, JJ., concur.

O'Connor, J., concurs in the dismissal of the appeal from the order entered April 5, 1978, but otherwise dissents and votes to reverse the order dated February 8, 1978 insofar as appealed from and to remand the matter to Special Term for a hearing in accordance herewith: The failure to conduct an evidentiary hearing to determine the intentions of the parties when they drafted an ambiguous child support provision is an error which has worked a gross injustice on the defendant. I therefore respectfully dissent. The key phrase at issue is that which obligates defendant to pay for child support, in addition to $25 per week, "1% of any gross annual increase in the HUSBAND's earnings from the amount set forth above ($8,000), payable on a weekly basis." The majority adopts the view that this clause obligates defendant to pay 52% of any increase in income over $8,000 for child support per year, or 1% per week, to be totaled on a cumulative basis. If the parties intended this result, the draftsmanship of the key clause is of a disturbingly low quality. I do not see how it can be said that it is completely free from doubt that the parties did not intend to increase the support obligation by 1% of any increase in income over $8,000 with the 1% in turn to be split into 52 separate payments of ⅟₅₂ of the 1%. A reading of the language at issue certainly supports such a view. It is argued that because the parties put an absolute ceiling of $150 per week on defendant's support obligation, his reading of the language is totally implausible because it would mean he would have to earn $658,-000 annually before he reached his maximum support obligation. Plaintiff's interpretation of the language, however, is equally implausible. It would require defendant to pay $7,800 for child support based on a *gross* salary of $20,500. In light of the fact that only one child is involved, that the separation agreement anticipated the possibility that plaintiff would obtain employment,[*] that defendant assumed other financial obligations with regard to educational and medical expenses, and that plaintifff engaged in the ambiguous act of seeking an upward modification of child support at a time when she was already entitled to the maximum amount allowable under her interpretation of the separation agreement, it is a gross abuse of discretion to accept plaintiff's interpretation without conducting a hearing so that the intentions of the parties at the time they drafted the separation agreement can be properly explored.

---

[*] She subsequently began work as a psychiatric social worker at an annual salary of $16,900.