■ In the Matter of SANDRA JENKINS, Respondent, v GEORGE JENKINS, Appellant. [687 NYS2d 686] —In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Westchester County (Scancarelli, J.), entered October 29, 1997, which denied his objections to a resettled order of the same court (Herold, H.E.), entered August 6, 1997, which, after a hearing, *inter alia,* awarded the mother a judgment for arrears in child support in the principal sum of $688.18.

Ordered that the order is modified by deleting the provision thereof denying the father's objections to so much of the Hearing Examiner's order as calculated the amounts he owed for child support for the years 1994, 1995, and 1996, and substituting therefor a provision granting those objections; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Family Court, Westchester County, for further proceedings in accordance herewith.

The parties were divorced by judgment dated July 7, 1992. A separation agreement between the parties was incorporated but not merged into the judgment of divorce. The appellant father argues, *inter alia,* that the Family Court erred in denying his objections to calculations of his child support obligation for the years 1992 through 1996 made pursuant to the separation agreement, and in awarding the respondent mother arrears. We now modify.

A separation agreement is a contract subject to the principles of contract construction and interpretation (*see, Matter of Meccico v Meccico,* 76 NY2d 822). Where possible, a separation agreement should be read as a whole to avoid inconsistencies and to give each provision meaning (*see, Weiss v Weiss,* 52 NY2d 170; *Barrow v Lawrence United Corp.,* 146 AD2d 15). Here, the parties' separation agreement contained a provision increasing the father's child support obligations by 4%,

compounded annually, until a specified "change in cost of living date" (hereinafter change date), which occurred in May 1994. After the change date, increases were subject to an escalation clause tied to changes in the father's income and the Consumer Price Index for the New York City metropolitan area (hereinafter CPI). In essence, the father agreed to pay a cost of living allowance equivalent to any increase in the CPI from the prior year or the percentage change in his income whichever was less.

Here, the court correctly calculated increases in the father's child support obligations for the years 1992 and 1993. However, the calculations for 1994 and 1995 were incorrect. In 1994, the father's salary increased by only 1.75%. However, the Referee improperly applied the full increase in the CPI of 2.5% for the same period. Further, the 1.75% increase to the father's child support obligation should have been imposed as of June 1994, not May 1994. As to 1995, the father's salary decreased from the year before. Thus, no increase in the father's child support obligation was warranted for 1995. We disagree that the parties' agreement can be properly interpreted to mandate an increase in such a situation of at least the increase in the CPI. Moreover, an increase to the father's child support obligation for 1996 was ordered based on information which was admittedly incomplete. The father argues that the estimate of his income relied on by the Hearing Examiner was wrong and that proof of his actual income is available. Accordingly, the matter is remitted for a calculation of the correct child support obligation for the years 1994, 1995, and 1996, and entry of an appropriate order regarding arrears and the father's ongoing child support obligation.

The father's remaining contentions are without merit or academic in light of our determination. S. Miller, J. P., Ritter, Thompson and Joy, JJ., concur.