■ THOMAS TORRE, Respondent, v SYLVIA TORRE, Appellant. [711 NYS2d 339] —On the Court's own motion, it is

Ordered that its unpublished decision and order dated June 12, 2000, in the above-entitled case is recalled and vacated, and the following decision and order is substituted therefor:

In a matrimonial action, in which the parties were divorced by a judgment entered January 26, 1996, the defendant former wife appeals (1) from an order of the Supreme Court, Nassau County (Goldstein, J.), entered December 24, 1998, which granted the plaintiff former husband's motion to amend a Qualified Domestic Relations Order of the same court (Phelan, J.), entered January 26, 1996, and (2), as limited by her brief, from so much of a Qualified Domestic Relations Order of the same court, entered December 23, 1998, as awarded her only 35.5% of the marital portion of the plaintiff's Consolidated Edison pension.

Ordered that on the Court's own motion, the appellant's notice of appeal is treated as an application for leave to appeal from the Qualified Domestic Relations Order entered December 23, 1998, and leave to appeal is granted (see, CPLR 5701 [c]); and it is further,

Ordered that the Qualified Domestic Relations Order entered December 23, 1998, is affirmed insofar as appealed from; and it is further,

Ordered that the order entered December 24, 1998, is affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The parties entered into a stipulation of settlement which, inter alia, provided that the defendant was to receive 50% of the coverture portion of the plaintiff's pension benefits earned through the date of commencement of the action. Since the coverture portion was 71%, the defendant's one-half share was 35.5%. Contrary to the defendant's contention, the Supreme Court properly granted the plaintiff's motion to amend the Qualified Domestic Relations Order to reflect this provision of the parties' agreement.

A stipulation of settlement entered into by spouses in contemplation of divorce is a contract subject to general principles of contract construction (see, Matter of Meccico v Meccico, 76 NY2d 822; Matter of Jenkins v Jenkins, 260 AD2d 380). Where, as here, the contract is clear and unambiguous on its face, the intent of the parties must be found therein without resort to extrinsic evidence (see, Chimart Assocs. v Paul, 66 NY2d 570; Slatt v Slatt, 64 NY2d 966). Mangano, P. J., Thompson, Krausman and Feuerstein, JJ., concur.