■ Louis R. Cappelli, Respondent, v Lynn Cappelli, Appellant. [729 NYS2d 174] —In an action for a divorce and ancillary relief, the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Jonas, J.), entered January 17, 2001, as granted that branch of the plaintiff's motion which was for a protective order preventing certain financial discovery, denied that branch of her cross motion which was to compel the plaintiff to provide financial discovery, and, *sua sponte*, established an asset valuation date of December 31, 1996.

Ordered that on the Court's own motion, the appellant's notice of appeal from so much of the order as, *sua sponte*, established an asset valuation date is treated as an application for leave to appeal, and leave to appeal from that part of the order is granted (*see,* CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The parties executed a post-nuptial agreement which provided, *inter alia*, that upon the entry of a separation or divorce decree in favor of either party, the wife would receive an equal share of certain "non-excluded" marital assets. After the commencement of the instant action for divorce, and subsequent litigation regarding the validity of that post-nuptial agreement, the wife sought discovery from the husband regarding his net worth. The husband moved for a protective order

preventing the wife from obtaining financial disclosure and she cross-moved to compel such discovery, contending that it was necessary to implement the terms of the post-nuptial agreement. The court granted the husband's motion and denied that branch of the wife's cross motion which was to compel discovery, granting only discovery limited to the verification of the ownership of the husband's business interests, in order to determine which assets would be subject to distribution under the post-nuptial agreement. The court also, *sua sponte*, set an asset valuation date of December 31, 1996.

A marital contract is subject to the principles of contract interpretation (*see, Matter of Meccico v Meccico,* 76 NY2d 822; *Matter of Jenkins v Jenkins,* 260 AD2d 380). Therefore, a court may not rewrite or impose different or additional contractual terms, nor may a court ignore unequivocal language, search for evidence of the parties' intent outside of the contract, or read the contract so as to distort its apparent meaning (*see, Salvano v Merrill Lynch Pierce Fenner & Smith,* 85 NY2d 173; *Matter of Meccico v Meccico, supra*; *Matter of Jenkins v Jenkins, supra*; *Scalabrini v Scalabrini,* 242 AD2d 725). The Supreme Court did not err in setting an asset valuation date of December 31, 1996. Contrary to the wife's contention, the provision of the post-nuptial agreement which provides that, with the exception of certain excluded property, the parties' marital assets are to be divided "upon the issuance of a decree of separation or divorce in favor of either party," did not constitute an agreed-upon asset valuation date. Santucci, J. P., Goldstein, Feuerstein and Crane, JJ., concur.