OPINION OF THE COURT
Robert J. Lunn, J.
Plaintiff and defendant were married in 1987. It is a second marriage for both parties. According to plaintiff, in August 1991, the defendant abruptly left the marital residence and went to Germany where she lived with her daughter until December 27, 1991 when she returned to Rochester, New York. The wife then resided at a hotel in Greece, New York. On February 11, 1992, the defendant, and February 21, 1992, the plaintiff, as part of an attempted reconciliation, entered into a postnuptial agreement titled “Equitable Distribution Agreement.” On April 9, 2001, the husband commenced this action for divorce.
The defendant now seeks an order in the nature of partial summary judgment “declaring the Equitable Distribution Agreement dated February 21, 1992 void, ab initio, as a matter of law for: (a) lack of consideration and/or (b) unconscionability.” There has been no discovery in this case. Defendant asks this court to decide as a matter of law that the postnuptial agreement should be rescinded simply by reading the agreement itself. In fact, defendant’s motion is supported only by her attorney’s affirmation which is of no evidentiary value (Zucker-man v City of New York, 49 NY2d 557 [1980]). Defendant urges this court that the issue can be decided solely by examining the contract itself without having to consider the circumstances which existed at the time the agreement was entered into.
Defendant argues the postnuptial agreement is unconscionable on its face, and can be decided as a matter of law, because it provided that the wife waive and release all of her marital rights but there is no such waiver and release by the husband; the wife agreed to execute a will leaving all of her estate to the husband while the husband made no such promise to the wife; the wife agreed to name the husband as beneficiary of her life insurance, but the husband did not agree to name the wife the beneficiary of any life insurance he may have owned; and the husband specifically did not waive any marital interest he may have had in the wife’s New York State teacher’s retirement, while the wife waived any interest she may have had in the husband’s IRA.
The seminal case on the doctrine of unconscionability as it applies to marital agreements is Christian v Christian (42 *735 NY2d 63 [1977]). In Christian, the Court of Appeals delineated the test for voiding a separation agreement for unconscionability as whether it is “manifestly unfair to a spouse because of the other’s overreaching” (id. at 72). The Court went on to state, “In determining whether a separation agreement is invalid, courts may look at the terms of the agreement to see if there is an inference, or even a negative inference, of overreaching in its execution. If the execution of the agreement, however, be fair, no further inquiry will be made” (id. at 73).
The Christian test is a two part test. There must be manifest unfairness coupled with overreaching. That the Court of Appeals was more concerned with the circumstances surrounding the execution of a marital agreement rather than the substance of the agreement itself is borne out in these passages from Christian: “These principles in mind, courts have thrown their cloak of protection about separation agreements and made it their business, when confronted, to see to it that they are arrived at fairly and equitably, in a manner so as to be free from the taint of fraud and duress, and to set aside or refuse to enforce those born of and subsisting in inequity” (id. at 72). Also, “when there has been full disclosure between the parties, not only of all relevant facts but also of their contextual significance, and there has been an absence of inequitable conduct or other infirmity which might vitiate the execution of the agreement, courts should not intrude so as to redesign the bargain arrived at by the parties on the ground that judicial wisdom in retrospect would view one or more of the specific provisions as improvident or one-sided” (id. at 72).
Defendant focuses on what the commentators have called substantive unconscionability, which arises out of the unfairness of the terms of the parties’ agreement, rather than procedural unconscionability, which focuses on the unfairness of the contract formation process (see Industralease Automated & Scientific Equip. Corp. v R.M.E. Enters., 58 AD2d 482, 487 [2d Dept 1977]; Grunfeld v Grunfeld, 123 AD2d 64, 70 [3d Dept 1986] [Levine, J., dissenting]). Rarely is even substantive unconscionability decided as a matter of law by only examining the terms of the contract itself. The Uniform Commercial Code provides when considering whether a contract clause is unconscionable that, “the parties shall be afforded a reasonable opportunity to present evidence as to its commercial setting, purpose and effect to aid the court in making the determination” (Uniform Commercial Code § 2-302 [2]). Generally, this type of determination requires a trial (see Matter of State of New York v Avco Fin. Serv. of N.Y., 50 NY2d 383, 390 [1980]).
*736 Christian and the cases decided thereafter clearly are focusing on procedural unconscionability. The inquiry is whether there was any fraud, overreaching or duress exhibited in the execution of the agreement which caused the bargain to be manifestly unfair. The overall circumstances between the parties existing at the time the agreement was entered into is of paramount concern. Usually, this type of determination can only be made after trial. It certainly cannot be made simply by only looking at the agreement itself. It is for this reason that all of the cases except two cited by defendant were decided after trial. In the two cases where no triable issues of fact were found, the courts had some proof of the parties’ relative circumstances at the time of the agreement before it.
One of the cases cited by defendant which held that a separation agreement was unconscionable as a matter of law is Tal v Tal (158 Misc 2d 703 [Sup Ct, Nassau County 1993]). However, in voiding the agreement in that case, Judge Segal must have had some uncontroverted proof of the circumstances surrounding the execution of the agreement before him because his decision was, “[b]ased upon the respective financial circumstances of the parties at the time of the execution of the agreements, to wit: the husband being in full control of all marital assets and income and the wife having no assets or income; the fact that the husband’s counsel prepared the agreements; that the wife had no counsel and was aiforded no financial disclosure, and the terms of the agreements themselves which give 100% of all marital assets to the husband” (Tal v Tal, 158 Misc 2d 703, 710). The second case relied on by defendant in support of her contention that this court can decide the issue of unconscionability solely by looking at the terms of the parties’ agreement is Lyons v Lyons (289 AD2d 902 [3d Dept 2001]). Again, like in Tal, the Court in Lyons had the benefit of affirmations and pleadings which described the events surrounding the preparation and execution of the separation agreement and the parties’ financial situation at that time.
Here, defendant has offered absolutely no proof of any overreaching on the part of the husband sufficient to raise even an inference of unconscionability. To the contrary, plaintiff has provided the court with his affidavit stating there was no overreaching on his part in the execution of the agreement. Additionally, defendant has not provided the court with any financial information to aid in determining whether the bargain struck by defendant was manifestly unfair. The fact that defendant gave away more than she might legally have been *737 compelled to give does not mean that the postnuptial agreement was the product of overreaching and void from its inception (see Groper v Groper, 132 AD2d 492, 497-498 [1st Dept 1987]). Also, the fact that defendant may have been able to negotiate a better deal does not make this one inherently or manifestly unfair (see Lyons v Lyons, 289 AD2d 902, 905 [3d Dept 2001]).
Defendant not having met her burden of showing entitlement to the relief requested as a matter of law (see Ayotte v Gervasio, 81 NY2d 1062 [1993]), and plaintiff, in any event, having raised a triable issue of fact as to whether the agreement at issue was the product of overreaching, defendant’s motion for partial summary judgment on this basis is denied.
Lastly, defendant argues the agreement is void for lack of consideration. The agreement specifically recites that the consideration given by both parties was “the continuation of the marriage.” Plaintiff in his affidavit states that the defendant entered into the agreement because she wanted “to demonstrate her love for me and her commitment to our future together.” Viewing the agreement at the time of its making, as this court must, “the continuation of the marriage” may have been very valuable consideration on the part of the wife. Given defendant’s lack of proof in this regard, the court cannot say now that, as a matter of law, there was no consideration received by her when she entered into the agreement. Only in hindsight, now that the relationship has failed, would defendant have this court void the agreement for lack of consideration. This the court also declines to do as defendant has not met her burden of proof sufficient to grant her partial summary judgment on the consideration issue.
Defendant’s motion for partial summary judgment is denied in its entirety.