■ HOLLY T. WHITMORE, Respondent, v JOHN W. WHITMORE, Appellant. [778 NYS2d 73]—

In an action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Suffolk County (Sgroi, J.), dated August 13, 2003, which denied his motion for summary judgment, in effect, dismissing certain causes of action based on a determination that the parties' postnuptial agreement was valid and granting the plaintiff's cross motion to dismiss an affirmative defense alleging that the postnuptial agreement precluded certain claims.

Ordered that the order is affirmed, with costs.

The parties were married on January 28, 1984. Approximately three months after their marriage, the parties executed a document entitled "Marital Agreement" (hereinafter the postnuptial agreement) in which the wife waived her right to any business property owned by the husband, regardless whether it was acquired before or after the marriage.

In October 2002 after approximately 18 years of marriage,

the wife commenced a divorce action against the husband on the grounds of adultery and cruel and inhuman treatment. The husband moved for summary judgment, in effect, dismissing certain causes of action based on a determination that the postnuptial agreement, which was executed by both parties, was valid and enforceable, and the wife cross-moved to dismiss an affirmative defense alleging that the postnuptial agreement precluded certain claims. The Supreme Court found that the postnuptial agreement was not binding because it lacked consideration. We agree.

In New York, postnuptial agreements are specifically authorized by Domestic Relations Law § 236 (B) (3). Postnuptial agreements are contracts (*see Lesesne v Lesesne*, 292 AD2d 507, 508 [2002]), are subject to ordinary principles of contract interpretation (*see Cappelli v Cappelli*, 286 AD2d 359 [2001]), and require consideration (*see* 2 Lindey & Parley, Separation Agreements and Antenuptial Contracts § 120.53 [5], at 120-20 [2d ed]). Consideration exists if there is a "benefit to the promisor or a detriment to the promisee" and " '[i]t is enough that something is promised, done, forborne or suffered by the party to whom the promise is made as consideration for the promise made to him' " (*Weiner v McGraw-Hill, Inc.*, 57 NY2d 458, 464 [1982], quoting *Hamer v Sidway,* 124 NY 538, 545 [1891]).

Here, the wife received no consideration for signing the postnuptial agreement. The postnuptial agreement does not recite any consideration, and does not contain any mutual promises. Although the wife released her claims on the husband's business property, he did not relinquish any rights to any of her property or give the wife anything in return. The husband claims that his continuing to remain married to the wife provided adequate consideration. We disagree. Under the circumstances of this case, the continuation of the marriage did not provide adequate consideration (*see Combs v Sherry-Combs*, 865 P2d 50, 53-56 [1993]; 2 Lindey & Parley, Separation Agreements and Antenuptial Contracts § 120.53 [5], at 120-20 [2d ed]; *cf. Zagari v Zagari*, 191 Misc 2d 733, 737 [2002]).

The husband's remaining contentions are without merit. Florio, J.P., Schmidt, Adams and Fisher, JJ., concur.