■ LAURA GREY O'MALLEY, Respondent, v RICHARD O'MALLEY, Appellant. [836 NYS2d 706]—

In an action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Nassau County (Balkin, J.), dated May 19, 2006, which denied his motion, inter alia, to vacate the parties' postnuptial agreement dated July 26, 2005, and to rescind the transfer of the deed to the marital residence also dated July 26, 2005, from the parties as tenants by the entirety to the plaintiff individually. The appeal brings up for review so much of an order of the same court dated October 20, 2006, as, upon reargument, adhered to the original determination (see CPLR 5517 [b]).

Ordered that the appeal from the order dated May 19, 2006 is dismissed, as that order was superseded by the order dated October 20, 2006 made upon reargument; and it is further,

Ordered that the order dated October 20, 2006 is reversed insofar as reviewed, on the law, upon reargument, the order dated May 19, 2006 is vacated, and the matter is remitted to the Supreme Court, Nassau County, for a hearing and a new determination of the defendant's motion, inter alia, to vacate the parties' postnuptial agreement dated July 26, 2005, and to rescind the transfer of the deed to the marital residence also dated July 26, 2005 from the parties as tenants by the entirety to the plaintiff individually; and it is further,

Ordered that one bill of costs is awarded to the appellant.

In July 2005, after nearly 23 years of marriage, the husband and the wife entered into a postnuptial agreement (hereinafter the agreement), pursuant to which the husband, inter alia, surrendered his interest in the marital residence as a tenant by the entirety, any rights to equitable distribution of his interest in the marital residence as marital property in the event the parties divorced, and any rights to inherit from the wife. In exchange, the wife agreed to pay the husband the sum of $50,000 from a retirement account in 2015, when she could withdraw that sum without penalty. The agreement was prepared by the wife's counsel. The husband claims he had no independent counsel, and there is no evidence in the record that he had independent counsel.

Within three months of the execution of the agreement, the wife commenced the instant action for a divorce and ancillary relief. The husband counterclaimed for a divorce and, on the grounds, inter alia, of fraud, overreaching, lack of consideration,

and unconscionability, he moved, inter alia, to vacate the parties' postnuptial agreement and to rescind the transfer of the deed to the marital residence from the parties as tenants by the entirety to the wife individually. In support of his contentions, he asserted that the parties' equity in the marital residence was in the sum of at least $580,000, and that he was being asked to surrender his interest in the marital residence in consideration for the future receipt of the principal sum of only $50,000. The husband further noted that the agreement did not contain a reciprocal waiver by the wife of her rights to inherit from him. In addition, he contended that the wife promised not to seek a divorce if he signed the agreement, but breached that promise when she commenced this divorce action within three months of the execution of the agreement.

In opposition, the wife asserted that the agreement was fair. She further contended that she only decided to commence an action for a divorce when she discovered that the husband was continuing to engage in an extra-marital affair after the agreement was executed. In reply, the husband denied that allegation, which he characterized as a "blatant effort to disparage me."

The Supreme Court denied the husband's motion without a hearing and, upon reargument, adhered to that determination. We reverse.

Postnuptial agreements are contracts which require consideration (see *Whitmore v Whitmore*, 8 AD3d 371, 372 [2004]). Although postnuptial agreements are generally subject to ordinary principles of contract law (see *Whitmore v Whitmore, supra*), the parties, as husband and wife, have a fiduciary relationship to each other (see *Levine v Levine*, 56 NY2d 42, 47 [1982]; *Christian v Christian*, 42 NY2d 63, 72 [1977]). "To warrant equity's intervention, no actual fraud need be shown, for relief will be granted if the settlement is manifestly unfair to a spouse because of the other's overreaching" (*Christian v Christian, supra* at 72).

A motion to set aside an agreement between spouses may be denied without a hearing if the agreement is fair on its face (see *Brennan-Duffy v Duffy*, 22 AD3d 699, 700 [2005]; *Cohn v Cohn*, 15 AD3d 332 [2005]). In the instant case, it cannot be said that the agreement is fair on its face. It appears from the record that the husband has received no benefit from the agreement—other than a promise to receive $50,000 years hence, which in all likelihood he would have been entitled to as part of his equitable share of marital property (see *Chapin v Chapin*, 12 AD3d 550, 551 [2004]). It also appears that he relinquished a primary

asset of the marriage, along with his inheritance rights, without a reciprocal waiver of inheritance rights by the wife (*see Whitmore v Whitmore, supra* at 372).

Where the agreement appears to be so one-sided and unfair that no rational person exercising common sense would make it, and no fair and honest person would accept it, there should be a hearing to determine whether the agreement is unconscionable in substance (*see Grunfeld v Grunfeld,* 123 AD2d 64, 70 [1986]; *Zagari v Zagari,* 191 Misc 2d 733, 735 [2002]). Further, the circumstances under which the agreement was executed must be examined (*see Christian v Christian, supra; Zagari v Zagari, supra*).

A reviewing court examining a challenge to a postnuptial agreement will view the agreement in its entirety and under the totality of the circumstances (*see Reiss v Reiss,* 21 AD3d 1073, 1074 [2005]). Without a hearing to determine the totality of the circumstances, including the extent of the parties' assets, and the circumstances surrounding the execution of the agreement, it cannot be determined on this record whether or not equity should intervene to invalidate the parties' agreement.

Accordingly, the matter must be remitted to the Supreme Court, Nassau County, for a hearing and a new determination of the defendant's motion thereafter. Schmidt, J.P., Goldstein, Angiolillo and McCarthy, JJ., concur.