■ Stepinac Barclay, Respondent, v Bernadette Barclay, Also Known as Bernadette LeBlanc, Appellant. [56 NYS3d 257]—

Appeals by the defendant from (1) an order of the Supreme Court, Nassau County (Reilly, J.), dated October 14, 2014, and (2) an order of that court dated March 2, 2015. The order dated October 14, 2014, insofar as appealed from, denied that branch of the defendant's motion which was to set aside the parties' postnuptial agreement. The order dated March 2, 2015, insofar as appealed from, denied that branch of the defendant's motion which was for leave to reargue that branch of her prior motion which was to set aside the parties' postnuptial agreement.

Ordered that the appeal from the order dated March 2, 2015, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated October 14, 2014, is reversed insofar as appealed from, on the law, and the matter is remitted to the Supreme Court, Nassau County, for a hearing and a new determination of that branch of the defendant's motion which was to set aside the parties' postnuptial agreement; and it is further,

Ordered that one bill of costs is awarded to the defendant.

In January 2008, after approximately four years of marriage, the plaintiff and the defendant entered into a postnuptial agreement (hereinafter the agreement). Several years later, the plaintiff commenced this action for a divorce and ancillary relief. The defendant moved, inter alia, to vacate the parties' postnuptial agreement. The Supreme Court denied that branch of the motion without a hearing and denied that branch of the defendant's subsequent motion which was for leave to reargue.

Postnuptial agreements are contracts which require consideration (see O'Malley v O'Malley, 41 AD3d 449 [2007]; Whitmore v Whitmore, 8 AD3d 371, 372 [2004]). Although postnuptial agreements are generally subject to ordinary principles of contract law (see O'Malley v O'Malley, 41 AD3d 449 [2007]; Whitmore v Whitmore, 8 AD3d at 372), the parties, as husband and wife, have a fiduciary relationship to each other (see Levine v Levine, 56 NY2d 42, 47 [1982]; Christian v Christian, 42 NY2d 63, 72 [1977]). To warrant equity's intervention, no actual fraud need be shown, for relief will be granted if the settlement is manifestly unfair to a spouse because of the other's overreaching (see Christian v Christian, 42 NY2d at 72; O'Malley v O'Malley, 41 AD3d 449 [2007]). A motion to set aside an agreement between spouses may be denied without a hearing if the agreement is fair on its face (see O'Malley v O'Malley, 41 AD3d 449 [2007]; Brennan-Duffy v Duffy, 22 AD3d 699, 700 [2005]; Cohn v Cohn, 15 AD3d 332 [2005]).

Here, it cannot be said that the agreement is fair on its face.

It appears from the record that the defendant has received no benefit from the agreement. It also appears that she relinquished all assets of the marriage, along with her inheritance rights and right to spousal support. Where an agreement appears to be so one-sided and unfair that no rational person exercising common sense would make it, and no fair and honest person would accept it, there should be a hearing to determine whether the agreement is unconscionable in substance (*see O'Malley v O'Malley*, 41 AD3d 449 [2007]; *Grunfeld v Grunfeld*, 123 AD2d 64, 70 [1986]). Further, the circumstances under which the agreement was executed must be examined (*see Christian v Christian*, 42 NY2d 63 [1977]; *O'Malley v O'Malley*, 41 AD3d 449 [2007]). A reviewing court examining a challenge to a postnuptial agreement will view the agreement in its entirety and under the totality of the circumstances (*see O'Malley v O'Malley*, 41 AD3d 449 [2007]; *Reiss v Reiss*, 21 AD3d 1073, 1074 [2005]). Without a hearing to determine the totality of the circumstances, including the extent of the parties' assets, and the circumstances surrounding the execution of the agreement, it cannot be determined on this record whether equity should intervene to invalidate the parties' agreement. Accordingly, the matter must be remitted to the Supreme Court, Nassau County, for a hearing and a new determination of the defendant's motion thereafter. Chambers, J.P., Miller, Hinds-Radix and LaSalle, JJ., concur.