Savignano v Savignano (2021 NY Slip Op 02836)





Savignano v Savignano


2021 NY Slip Op 02836


Decided on May 5, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2018-07235 
2018-14212
 (Index No. 3102/13)

[*1]Kimberly Savignano, appellant,
v
Peter Savignano, respondent.


Fuchs & Eichen, Harrison, NY (Linda A. Eichen of counsel), for appellant.
Miller Zeiderman LLP (The Wiederkehr Law Group, P.C. [Evan Wiederkehr], of counsel), for respondent.



DECISION & ORDER
In a matrimonial action, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (John P. Colangelo, J.), dated February 27, 2018, as modified by an order of the same court dated July 3, 2018, and (2) a judgment of divorce of the same court dated September 4, 2018. The order dated February 27, 2018, as modified, insofar as appealed from, granted those branches of the defendant's motion which were, in effect, for declarations that, pursuant to the parties' postnuptial agreement, (a) the plaintiff was entitled to a tax-free distributive award of 10% of the defendant's adjusted gross income as calculated from the date of execution of the postnuptial agreement to the date of commencement of this action, (b) the plaintiff was entitled to monthly child support based upon the defendant's income up to only $300,000, and (c) the plaintiff was not entitled to receive housing or a housing allowance from the defendant. The judgment of divorce, insofar as appealed from, upon the orders dated February 27, 2018, and July 3, 2018, directed the defendant to pay the plaintiff $451,140 in satisfaction of the plaintiff's right to 10% of the defendant's adjusted gross income as set forth in the parties' postnuptial agreement, declared that the defendant was not obligated to provide the plaintiff with housing or a housing allowance, and determined that the defendant's child support obligation was based upon the defendant's annual income up to $300,000.
ORDERED that the appeal from the order dated February 27, 2018, is dismissed; and it is further,
ORDERED that the judgment is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
The appeal from the order dated February 27, 2018, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment of divorce in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment of divorce (see CPLR 5501[a][1]).
The plaintiff and the defendant were married in 2007. On June 15, 2009, the parties [*2]entered into a postnuptial agreement, which provided, in relevant part, that in the event a "separation event" occurred, (1) the defendant would pay the plaintiff 10% of his adjusted gross income for each year of the marriage, as and for the plaintiff's separate property funds, and that the payments would be tax-free to the plaintiff and were in the nature of equitable distribution, a distributive award, and tax-free maintenance; (2) the defendant would pay the plaintiff basic child support pursuant to the Child Support Standards Act (see Family Ct Act § 413; hereinafter CSSA) up to $300,000 of his income; and (3) if there were children of the marriage, and if the plaintiff had residential custody of the children, then the plaintiff could elect to remain in the marital residence for two years, at the defendant's expense, and, after that two-year period, if the marital residence were sold, then the defendant would be obligated to purchase or rent suitable alternative housing for the plaintiff and the children and to pay related expenses. The parties have three children of the marriage, born between 2009 and 2013.
The plaintiff commenced this action for a separation in August 2013. In an amended and supplemental verified answer and counterclaim dated April 28, 2017, the defendant, inter alia, counterclaimed for a divorce and ancillary relief. During the pendency of the action, the defendant moved, among other things, in effect, for declarations that, pursuant to the postnuptial agreement, (a) the plaintiff was entitled to a tax-free distributive award of 10% of the defendant's adjusted gross income as calculated from the date of the execution of the agreement to the date of the commencement of this action in August 2013, (b) the plaintiff was entitled to monthly child support based upon the defendant's income up to only $300,000, and (c) the plaintiff was not entitled to receive housing or a housing allowance from the defendant. In an order dated February 27, 2018, the Supreme Court, inter alia, granted those branches of the defendant's motion. With respect to the plaintiff's distributive award, the court determined that, under the Domestic Relations Law and pursuant to the terms of the parties' agreement, the plaintiff's commencement of the action for a separation terminated the accrual of marital property, and, therefore, the plaintiff was entitled to the distributive award only for earnings to the date of the commencement of the action. In an order dated July 3, 2018, the court, among other things, modified the February 27, 2018, order to make certain adjustments to the amounts owed by the defendant to the plaintiff. In a judgment of divorce dated September 4, 2018, the Supreme Court, inter alia, after adjusting for certain credits, directed the defendant to pay the plaintiff $451,140 in satisfaction of the plaintiff's right to 10% of the defendant's adjusted gross income as set forth in the parties' postnuptial agreement, declared that the defendant was not obligated to provide the plaintiff with housing or a housing allowance, and determined that the defendant's child support obligation was based upon the defendant's annual income up to $300,000. The plaintiff appeals.
So long as it is in the prescribed form, an agreement by the parties, made during the marriage, is valid and enforceable in a matrimonial action, and it may include provisions relating to, among other things, the division or distribution of separate and marital property, the amount and duration of maintenance, and the support of the children, subject to certain conditions not at issue here (see Domestic Relations Law § 236[B][3]). A duly executed postnuptial agreement is a contract subject to ordinary principles of contract interpretation (see Bloomfield v Bloomfield, 97 NY2d 188, 193; Whitmore v Whitmore, 8 AD3d 371, 372; Cappelli v Cappelli, 286 AD2d 359, 360). A court should interpret the contract in accordance with its plain and ordinary meaning, and where the contract is clear and unambiguous on its face, the intent of the parties must be gleaned from within the four corners of the instrument (see Matter of Meccico v Meccico, 76 NY2d 822, 824; Rainbow v Swisher, 72 NY2d 106, 109-110; Rauso v Rauso, 73 AD3d 888, 889).
There is no merit to the plaintiff's contention that the postnuptial agreement established $300,000 as the floor, rather than the ceiling, for the amount of the defendant's income to be considered in calculating child support pursuant to the formulas set forth in the CSSA. A plain reading of the postnuptial agreement demonstrates that the parties agreed that the defendant would pay the plaintiff child support in accordance with the formulas set forth in the CSSA based upon a maximum income of $300,000. The provision is clear and unambiguous on its face in establishing $300,000 as the ceiling, rather than the floor, for the defendant's child support obligation (see Conroy v Conroy, 70 AD2d 872, 873; Poitier v Poitier, 42 AD2d 645).
Contrary to the plaintiff's contention, she was not entitled to receive a housing allowance from the defendant under the terms of the postnuptial agreement. At the time the plaintiff commenced this action, a temporary order of protection with a full stay away provision was in effect, excluding the plaintiff from the marital residence where the defendant resided with the children. Although the judgment of divorce ultimately awarded the parties joint legal and physical custody of the children, the record demonstrates that it was the defendant who had, in effect, residential custody of the children in the first few years following the parties' separation. Thus, the preconditions specified in the postnuptial agreement that would have triggered the defendant's obligation to pay the plaintiff's housing costs never occurred, and the plaintiff was not entitled to such sums.
The plaintiff contends that the Supreme Court erred in determining that marital property ceased to accrue once she commenced this action for a separation in August 2013. The plaintiff asserts that marital property continued to accrue at least until April 28, 2017, when the defendant counterclaimed for a divorce, and, therefore, she was entitled to receive 10% of the defendant's adjusted gross income until that time. We agree that the court erred in concluding that, pursuant to the Domestic Relations Law, marital property does not accrue after an action for separation has been commenced. Domestic Relations Law § 236(B)(1)(c) defines "marital property" as "all property acquired by either or both spouses during the marriage and before the execution of a separation agreement or the commencement of a matrimonial action." In Anglin v Anglin (80 NY2d 553), the Court of Appeals held that a separation action is not a matrimonial action within the meaning of Domestic Relations Law § 236(B)(1)(c), and that the commencement of a separation action "does not, ipso facto, terminate the marital economic partnership and, therefore, does not preclude the subsequent accrual of marital property" (Anglin v Anglin, 80 NY2d 553, 554). The Court explained that not all separation actions result in the dissolution of the marital economic partnership or of a marriage itself, and the economic partnership should not be considered dissolved until "a matrimonial action is commenced which seeks 'divorce, or the dissolution, annulment or declaration of the nullity of a marriage', i.e., an action in which equitable distribution is available" (id. at 557, quoting Domestic Relations Law § 236[B][5]; see Mesholam v Mesholam, 11 NY3d 24, 28-29).
Nonetheless, as recognized by the Anglin Court, the parties to a marriage may "contract out of the [legislative] system of marital property and maintenance" (Anglin v Anglin, 80 NY2d at 557 [internal quotation marks omitted]). Here, the parties' postnuptial agreement expressly defined the accrual of marital property to end at "the occurrence of a Separation Event." The postnuptial agreement defined a "Separation Event" to be, among other possibilities, the commencement of an action seeking separation. Thus, under the plain terms of the parties' postnuptial agreement, marital property ceased to accrue once the plaintiff commenced this action seeking a separation, and the plaintiff was no longer entitled to 10% of the defendant's adjusted gross income after that time.
Accordingly, we affirm the judgment of divorce insofar as appealed from.
RIVERA, J.P., MILLER, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court