Matter of Zhong (2026 NY Slip Op 00314)

Matter of Zhong

2026 NY Slip Op 00314

Decided on January 22, 2026

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 22, 2026
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Present — Hon. Cynthia S. Kern
Justice Presiding
Tanya R. Kennedy Julio Rodriguez III John R. Higgitt Margaret A. Chan
Justices.
 Motion No. 2025-05698 Case No.2025-06580
 In the Matter of Xiaofang Zhong
an attorney
counselor-at-law: Attorney Grievance Committee for the First Judicial Department
Petitioner
Xiaofang Zhong (OCA Atty. Reg. No. 5054689)
Respondent.

Motion No. 2025-05698|Case No. 2025-06580|

[*1]In the Matter of Xiaofang Zhong, an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Xiaofang Zhong (OCA Atty. Reg. No. 5054689), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Xiaofang Zhong, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Third Judicial Department on June 19, 2012.

Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York City (Louis J. Bara, of counsel), for petitioner.
Respondent, pro se.

Per Curiam 

Respondent Xiofang Zhong was admitted to the practice of law in the State of New York by the Third Judicial Department on June 19, 2012. At all times relevant to this proceeding, respondent maintained a business address in the First Judicial Department (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.7 [a][2]).
By order dated May 21, 2025, the United States Patent and Trademark Office (USPTO) suspended respondent for six months, on consent, based on respondent's multiple violations of USPTO trademark signature rules. Specifically, according to the USPTO order, respondent, whose practice focused on patent, trademark, and copyright law, was referred thousands of clients by four Chinese entities. Despite the USPTO's unequivocal directions prohibiting individuals other than the named signatory from signing electronic trademark documents, respondent signed hundreds of trademark and registration documents on his client's behalf. Additionally, USPTO records also demonstrated that "2,025 trademark applications were filed incorrectly identifying respondent as the named signatory, rather than the name of the person who had signed the submission that accompanied the filing."
Respondent acknowledged that his violation of the USPTO trademark signature rules "indicated a lack of competence" or "lack of care" in handling trademark matters entrusted to him. He further acknowledged that his violation of those rules "caused actual or potential harm to the intellectual property rights of his trademark clients and has adversely affected the integrity of the USPTO trademark registration and maintenance process." As a result of these findings, respondent and the USPTO entered into a Settlement Agreement in which respondent admitted that his actions violated several USPTO Rules of Professional Conduct, which are substantially similar to the New York Rules of Professional Conduct, and respondent was suspended for six months, on consent.
Respondent timely reported his discipline to the Third Judicial Department, where he was admitted (see 22 NYCRR 1240.13[d]).
By motion dated August 6, 2025, the Attorney Grievance Committee (AGC) seeks an order, pursuant to the doctrine of reciprocal discipline as set forth 22 NYCRR 1240.13(d), and Judiciary Law § 90(2), finding that respondent was disciplined by a foreign jurisdiction, directing him to demonstrate why discipline should not be imposed in New York for the misconduct underlying his discipline in the USPTO. Respondent appears in this proceeding pro se and does not object to the imposition of reciprocal discipline.
A six month suspension, as requested by the AGC, is the appropriate reciprocal discipline in this matter as it is commensurate with the suspension imposed by the USPTO and in accord with this Court's precedent involving comparable conduct (see Matter of Milara, 194 AD3d 108, 111 [1st Dept 2021]; Matter of Blumenthal, 165 AD3d 85, 86 [1st Dept 2018]). Additionally, none of the defenses available under 22 NYCRR 1240.13(b) are available to respondent because he was on notice of the misconduct allegations at issue and entered into a Settlement Agreement in the USPTO proceeding, where he admitted to engaging in misconduct in violation of the USPTO Rules of Professional Conduct. Respondent's admitted misconduct also violated rules 1.1(a), 1.3(a), 8.4(c), and 8.4(d) of the New York Rules of Professional Conduct (22 NYCRR 1200.0), which are substantially similar to the USPTO rules.
Accordingly, the AGC's motion for reciprocal discipline, on consent, should be granted, and respondent suspended from the practice of law for a period of six months, effective 30 days from the date of this order, and until further order of this court.
All concur.
Wherefore, it is Ordered that the motion by the Attorney Grievance Committee for the First Judicial Department for reciprocal discipline, pursuant to Judiciary Law § 90(2) and 22 NYCRR 1240.13, is granted, and respondent, Xiaofang Zhong, is suspended from the practice of law for a period of six months, effective 30 days from the date of this order, and until further order of the Court; and
It is further Ordered that, pursuant to Judiciary Law § 90, during the period of suspension, respondent, Xiaofang Zhong, is commanded to desist and refrain from (1) the practice of law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
It is further Ordered that, respondent, Xiaofang Zhong, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and
It is further Ordered that if respondent, Xiaofang Zhong, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith.
Entered: January 22, 2026