Ginns v Ginns (2026 NY Slip Op 00314)

Ginns v Ginns

2026 NY Slip Op 00314

Decided on January 27, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 27, 2026

Before: Webber, J.P., Gesmer, Higgitt, Michael, Chan, JJ. 

Index No. 160849/22|Appeal No. 5677|Case No. 2025-02210|

[*1]Kikuko Hosono Ginns, Plaintiff-Respondent,
vRobert Ginns, Defendant-Appellant.

Berkman Bottger Newman & Schein, LLP, New York (John Teufel of counsel), for appellant.
The Breakstone Law Firm, P.C., Bellmore (Jay L.T. Breakstone of counsel), for respondent.

Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered on or about March 26, 2025, which denied defendant's motion for summary judgment and granted plaintiff's cross-motion for summary judgment as to liability and ordered a trial on damages, unanimously affirmed, without costs.
Supreme Court properly granted summary judgment as to liability for plaintiff upon finding that defendant breached the terms of their Amended Postnuptial Agreement. In July 2004, after over 25 years of marriage, the parties executed a postnuptial agreement which set the terms of their separation, including that defendant would provide plaintiff with fifty percent of his inheritance upon his parents' passing. The parties were represented by counsel during the negotiations. A little over a year later, in September 2005, the parties executed an Amended Postnuptial Agreement (the Agreement) which superseded the previous agreement. The Agreement unambiguously obligates defendant to provide half of his share of his "substantial inheritance" to plaintiff within six months of receiving it, regardless of whether these funds were received before or after the marriage was terminated. Defendant breached the Agreement by failing to provide plaintiff with her share of his inheritance. Because the record does not include any information about what discovery revealed concerning the amount of inheritance defendant received, a trial on the issue of damages is necessary.
Defendant failed to raise an issue of fact in opposition to plaintiff's cross-motion. Defendant has failed to show that the terms of the Agreement are unconscionable (see Hershkowitz v Levy, 190 AD3d 835 [2d Dept 2021]; cf. Barclay v Barclay, 151 AD3d 676, 677-678 [2d Dept 2017]). Defendant acknowledged in the Agreement that he made an independent inquiry into plaintiff's finances, and that he entered into the Agreement freely, voluntarily, and without undue influence. The Agreement also notes that, while plaintiff was represented by counsel, defendant declined to be represented by an attorney during the negotiations, though he was represented by counsel in connection with the initial postnuptial agreement. Moreover, and considering the length of their marriage, the Agreement's terms are not manifestly unjust (see Logiudice v Logiudice, 67 AD3d 544, 545 [1st Dept 2009]). Defendant's other arguments, including that his obligation to provide plaintiff with a share of his inheritance terminated when he turned 70 years old, are unavailing. Defendant's interpretation of the Agreement is inconsistent with the plain language of the Agreement and the clear intent of the parties at the time the Agreement was executed (see Vermont Teddy Bear Co. v 538 Madison Realty Co., 1 NY3d 470, 475 [2004]; Rauso v Rauso, 73 AD3d 888, 889 [2d Dept 2010]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 27, 2026