Zubli v Sakizadeh

2026 NY Slip Op 02693

April 29, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Yvette S. Zubli, respondent,

v

Yosef Sakizadeh, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 29, 2026

2023-04890, 2024-06492, (Index No. 801194/22)

Betsy Barros, J.P.

Barry E. Warhit

Carl J. Landicino

Laurence L. Love, JJ.

Joseph A. Altman, P.C., Fleetwood, NY, for appellant.

Adam H. Moser, Mineola, NY, for respondent.

[*1]

DECISION & ORDER

In an action for a divorce, the defendant appeals from (1) an order of the Supreme Court, Nassau County (Stacy D. Bennett, J.), entered May 5, 2023, and (2) a judgment of divorce of the same court entered April 5, 2024. The order, insofar as appealed from, denied, without a hearing, the defendant's motion to set aside the parties' postnuptial agreement. The judgment of divorce, insofar as appealed from, determined that there are no assets subject to equitable distribution due to the parties' postnuptial agreement.

ORDERED that the appeal from the order is dismissed; and it is further,

ORDERED that the judgment of divorce is reversed insofar as appealed from, on the law, the order entered May 5, 2023, is vacated, and the matter is remitted to the Supreme Court, Nassau County, for a hearing and a new determination of the defendant's motion to set aside the parties' postnuptial agreement thereafter; and it is further,

ORDERED that one bill of costs is awarded to the defendant.

The parties were married on October 23, 2012, and entered into a postnuptial agreement in 2015. The agreement, inter alia, stated that the parties were entitled to retain their separate property, as well as any appreciation in the value of separate property or income derived therefrom, in the event of a divorce. According to the attached exhibits, the plaintiff possessed significant separate assets acquired before the marriage, including two businesses and real estate, and the defendant possessed none.

The plaintiff commenced this action for a divorce in May 2022. On December 30, 2022, the defendant moved to set aside the postnuptial agreement. The plaintiff opposed the motion. In an order entered May 5, 2023, the Supreme Court, among other things, denied, without a hearing, the defendant's motion. In a judgment of divorce entered April 5, 2024, the court, inter alia, determined that there are no assets subject to equitable distribution due to the parties' postnuptial agreement. The defendant appeals from the order and the judgment of divorce.

The appeal from the order must be dismissed because the right of direct appeal [*2]therefrom terminated with the entry of the judgment of divorce in this action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment of divorce (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).

"'Judicial review of separation agreements is to be exercised sparingly, with a goal of encouraging parties to settle their differences on their own'" (Brennan-Duffy v Duffy, 22 AD3d 699, 699, quoting Strangolagalli v Strangolagalli, 295 AD2d 338, 338). However, "'courts have thrown their cloak of protection' over postnuptial agreements, 'and made it their business, when confronted, to see to it that they are arrived at fairly and equitably, in a manner so as to be free from the taint of fraud and duress, and to set aside or refuse to enforce those born of and subsisting in inequity'" (Petracca v Petracca, 101 AD3d 695, 697-698, quoting Christian v Christian, 42 NY2d 63, 72). "Thus, '[i]n view of the fiduciary relationship existing between spouses, [postnuptial] agreements are more closely scrutinized by the courts than ordinary contracts'" (Kabir v Kabir, 85 AD3d 1127, 1127, quoting Cardinal v Cardinal, 275 AD2d 756, 757).

"An agreement between spouses which is fair on its face will be enforced according to its terms unless there is proof of unconscionability, or fraud, duress, overreaching, or other inequitable conduct" (McKenna v McKenna, 121 AD3d 864, 865; see Rauso v Rauso, 73 AD3d 888, 889). "To warrant equity's intervention, no actual fraud need be shown, for relief will be granted if the settlement is manifestly unfair to a spouse because of the other's overreaching" (O'Malley v O'Malley, 41 AD3d 449, 451 [internal quotation marks omitted]). "A motion to set aside an agreement between spouses may be denied without a hearing if the agreement is fair on its face" (id.).

Here, it cannot be said that the postnuptial agreement is fair on its face. It appears from the record that the defendant has received no benefit from the agreement (see Barclay v Barclay, 151 AD3d 676, 678; O'Malley v O'Malley, 41 AD3d at 452). Moreover, the defendant has set forth facts that warrant an examination into the circumstances under which the agreement was executed (see Barclay v Barclay, 151 AD3d at 678; O'Malley v O'Malley, 41 AD3d at 452). Namely, the defendant has alleged that he speaks limited English, that his attorney did not review the agreement with him and was later disbarred for fraud, that the defendant believed he was signing a business agreement, and that he would not have signed the agreement if he knew what the document actually was. In opposition, the plaintiff did not eliminate these triable issues of fact.

A reviewing court examining a challenge to a postnuptial agreement will view the agreement in its entirety and under the totality of the circumstances (see Reiss v Reiss, 21 AD3d 1073, 1074). Without a hearing to determine the totality of the circumstances, including the extent of the parties' assets, and the circumstances surrounding the execution of the agreement, it cannot be determined on this record whether or not equity should intervene to invalidate the parties' agreement (see O'Malley v O'Malley, 41 AD3d at 452).

Accordingly, the matter must be remitted to the Supreme Court, Nassau County, for a hearing and a new determination of the defendant's motion to set aside the postnuptial agreement thereafter.

BARROS, J.P., WARHIT, LANDICINO and LOVE, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court